| .MICHAEL E. KIRBY, Judge.
Defendant, Warren L. Reuther, Jr., appeals a trial court judgment granting a preliminary injunction in favor of plaintiff, Hollywood Casino Shreveport. We vacate the injunction and remand for further proceedings.
The record sets forth the procedural history pertinent to this appeal as follows: On May 24, 2002, Hollywood Casino Shreveport (“hereinafter referred to as Hollywood Casino”) filed a petition for con-cursus proceeding, declaratory judgment and injunctive relief against defendants Shreveport Paddlewheels, L.L.C. (“hereinafter referred to as Shreveport Paddle-wheels”), Warren L. Reuther, Jr. and James E. Smith, Jr. Citing Louisiana Code of Civil Procedure articles 4651-4662 and articles 1871-1883, the plaintiff asked the court to determine the obligation of Hollywood Casino to send notices and payments to Shreveport Paddlewheels as required and provided in the Marine Services Agreement dated September 22, 1998, and as required and provided in the Amended and Restated Assignment of Joint Venture Interest dated September 22, 1998, and as required and provided in the Third Amended and Restated Joint Venture Agreement of Hollywood Casino dated July 21, 1999, as amended, and to further enjoin defendants from instituting Lor prosecuting any actions or proceedings against Hollywood Casino for payment of amounts pursuant to the aforesaid agreements or any other claim at issue herein.
The petition further alleges that Mr. Reuther claims to be the General Manager and Chief Executive Officer of Shreveport Paddlewheels, and Mr. Smith claims to be *662 the President and Chief Executive Officer of Shreveport Paddlewheels. Hollywood Casino acknowledges that it is obligated to pay Shreveport Paddlewheels the sum of $30,000.00 per month under the Marine Services Agreement. It also states that under the Assignment of Joint Venture Interest, it is obligated to pay to Shreveport Paddlewheels the sum of “one percent of any Complex Net Revenues” as defined in that agreement. Hollywood Casino and Shreveport Paddlewheels are parties to the Marine Services Agreement and the partners of those two entities are parties to the Joint Venture Agreement. According to both agreements, Hollywood Casino is to send all notices and payments to Shreveport Paddlewheels as follows:
Shreveport Paddlewheels, L.L.C.
610 S. Peters Street
New Orleans, Louisiana
Facsimile (504) 587-1740
Attention: Warren L. Reuther, Jr.,
Chief Executive Officer
With Copy to:
Smith Martin
700 Camp Street
New Orleans, Louisiana
Facsimile (504) 525-0163
Attention: James E. Smith, Jr., Esq.
Hollywood Casino alleges in its petition that it received information that the Board of Directors of Shreveport Paddlewheels removed defendant Warren L. Reuther, Jr. as its General Manager and Chief Executive Officer sometime between laOctober 30, 2001 and November 2, 2001, and subsequently appointed defendant James E. Smith, Jr. as its Chief Executive Officer. By letter dated February 7, 2002, Mr. Reuther directed Hollywood Casino to send all notices, correspondence and payments to Shreveport Paddlewheels to his attention at 68 Lakewood Place, New Orleans, Louisiana 70131. By letter dated February 13, 2002, attorneys representing Mr. Smith instructed Hollywood Casino that the correct legal address of Shreveport Paddlewheels is 610 South Peters Street in New Orleans, and instructed that all notices, payments and other correspondence from Hollywood Casino to Shreveport Paddlewheels be sent to that address.
Hollywood Casino requested by letter to Mr. Reuther dated February 14, 2002 that he provide satisfactory evidence of his authority to act on behalf of Shreveport Pad-dlewheels and change the mailing address of that company. By letter dated March 4, 2002, Mr. Reuther responded to Hollywood Casino’s letter of February 14, 2002, and attached documentation allegedly supporting his claim that he has the authority to act on behalf of Shreveport Paddlewheels. In that same letter, Mr. Reuther instructed Hollywood Casino to send all future notices and payments to Shreveport Pad-dlewheels to his attention at 530 Natchez Street, Suite 110, New Orleans, Louisiana 70130. Mr. Reuther indicated in the March 4, 2002 letter that he would pursue legal action against Hollywood Casino if these instructions were not followed. Following Mr. Reuther’s letter of March 4, 2002 to Hollywood Casino, attorneys for Mr. Smith sent a letter dated March 14, 2002 to Hollywood Casino, stating that Mr. Reuther lacked any authority to redirect the mailing address of Shreveport Paddle-wheels, and instructed Hollywood Casino not to comply with Mr. Reuther’s instructions.
| Jn a separate action brought by Mr. Smith and other parties against Mr. Reuther, Lloyd Medley granted a preliminary injunction on April 4, 2002 enjoining, restraining and prohibiting Mr. Reuther, his agents, employees, and all persons, firms or corporations acting or claiming to act on his behalf, from using the corporate stationery, from using the title of chief *663 executive officer and from acting- as - an agent of the plaintiff corporations in any way without the approval of the Board of Directors of the corporations, including with regard to the affairs of Shreveport Paddlewheels, L.L.C. Based on the April 4, 2002 injunction in that separate case, Hollywood Casino notified Mr. Reuther by letter dated April 8, 2002 that it would continue to direct payment of fees owing to Shreveport Paddlewheels as it had done in the past, i.e. the payments would be mailed to the 610 South Peters Street address.
Hollywood Casino stated in its petition that due to the conflicting demands and instructions of Mr. Reuther and Mr. Smith regarding the correct address to which notices, correspondence and payments owed by Hollywood Casino to Shreveport Paddlewheels should be sent, it is “in great doubt” as to which defendant has the authority to act on behalf of Shreveport Pad-dlewheels. Alleging that these conflicting demands constitute competing claims against Hollywood Casino, and under the threat of imminent legal action against it, Hollywood Casino filed the petition in the instant matter requesting (1) a declaratory action to determine the correct, proper and true address of Shreveport Paddle-wheels for notices, correspondence and payments; (2) a coneursus proceeding so that funds owed to Shreveport Paddle-wheels, can be rightfully deposited into the registry of the court pending determination of the conflicting claims; and (3) in-junctive relief enjoining and restraining defendants from instituting.or prosecuting any legal |Kaction for recovery of amounts due Shreveport Paddlewheels by Hollywood Casino or any other claim at issue herein. The correspondence referred to by Hollywood Casino in its petition is attached to the petition. Upon the filing of its petition, Hollywood Casino was granted leave, without the necessity of any further order of the court, to deposit into the registry of the court all payments owed to Shreveport Paddlewheels that accrue from time to time in the future, and to which the defendants have conflicting and competing claims.
The trial court scheduled a hearing for June 6, 2002, ordering defendants Mr. Reuther, Mr. Smith and Shreveport Pad-dlewheels to appear and show cause why a preliminary injunction should not be issued prohibiting, restraining and enjoining the defendants from instituting or prosecuting any other action or proceeding against Hollywood Casino in any court relative to any issues raised by Hollywood Casino in its petition. Following that hearing, the trial court rendered judgment on June 10, 2002, granting a preliminary injunction enjoining, restraining and prohibiting defendants . Shreveport Paddlewheels, L.L.C., Warren L. Reuther, Jr. and James E. Smith, Jr. “from instituting or prosecuting any action or lawsuit in any court seeking to direct or cause Hollywood Casino Shreveport to send notices, correspondence and payments due Shreveport Pad-dlewheels, L.L.C. to any address other than the legal domicile address of Shreveport Paddlewheels, L.L.C. as set forth in the Marine Services Agreement dated September 22, 1998, and in the Amended and Restated Assignment of Joint Venture Interest dated Séptember 22,1998, namely 610 S. Peters Street, New Orleans, Louisiana 70130.” The trial court granted Mr. Reuther’s motion for appeal of the June 10, 2002 judgment, but denied his request for a stay of the preliminary injunction pending a final ruling on appeal. Following the trial court’s order granting Mr. Reuther’s motion for appeal, 1 ^Shreveport Paddlewheels filed a motion to withdraw funds from the court registry. The trial court granted the motion, and further ordered that Hollywood Casino continue to send payments owed to Shreveport Pad-dlewheels to 610 South Peters Street in New Orleans.
*664 On appeal, counsel for Mr. Reuther argues that the trial court erred when it entered an injunction ordering Hollywood Casino to send payments to Shreveport Paddlewheels at the 610 South Peters Street address even though Hollywood Casino filed a petition for concursus proceeding stating that there are competing claims to the funds. Mr. Reuther further argues that the Louisiana Code of Civil Procedure does not allow a concursus action to be decided on a summary basis.
In response, counsel for Mr. Smith and Shreveport Paddlewheels argues that the trial court correctly found that this matter was not appropriate for a concursus proceeding because there were no competing claims to the funds at issue. According to Mr. Smith and Shreveport Paddlewheels, it is undisputed that Hollywood Casino owes the funds to Shreveport Paddle-wheels, and any dispute between shareholders Mr. Reuther and Mr. Smith as to the address where these funds should be sent is a matter internal to Shreveport Paddlewheels and is not grounds for a concursus proceeding. Therefore, they argue that the trial court was within its discretion in granting the preliminary injunction at issue on appeal after the court determined that this matter was not appropriate for a concursus proceeding.
Hollywood Casino, the party that invoked the concursus proceeding and stated in its petition that it is “in great doubt” as to whether Mr. Reuther or Mr. Smith has the authority to act on behalf of Shreveport Paddlewheels, now argues that the trial court’s questioning of counsel for Mr. Reuther at the June 6, 200217hearing demonstrated that Mr. Reuther was not authorized to act on behalf of Shreveport Paddlewheels at the time he sent the letters to Hollywood Casino designating a different address to which payments to Shreveport Paddlewheels were to be sent. Hollywood Casino states that the trial court recognized that there was no dispute as to who had authority to act on behalf of Shreveport Paddlewheels, and that the court correctly converted the matter to a summary proceeding. While acknowledging that the injunction granted by the trial court was broader than that requested in its petition, Hollywood Casino argues that the injunction granted by the trial court was correct and should be affirmed.
La. C.C.P. art. 4651 defines a con-cursus proceeding as “one in which two or more people having competing or conflicting claims to money, property, or mortgages or privileges on property are impleaded and required to assert their respective claims contradictorily against all other parties to the proceeding.” As stated above, Hollywood Casino invoked a concursus proceeding, stating that the conflicting demands of Mr. Reuther and Mr. Smith as to where to send funds owed to Shreveport Paddlewheels constituted competing claims. The June 6, 2002 hearing was scheduled to determine whether a preliminary injunction should be issued prohibiting, restraining and enjoining the defendants from instituting or prosecuting any other action or proceeding against Hollywood Casino in any court relative to any issues raised by Hollywood Casino in its petition. Yet the preliminary injunction granted by the court after that hearing essentially dismissed the concursus proceeding, and summarily adjudicated the competing claims between Mr. Reuther and Mr. Smith that are the subject of Hollywood Casino’s petition.
La. C.C.P. article 4655 states as follows:
I «Service of citation and a copy of the petition in a concursus proceeding shall be made in the same form and manner, and the delays for answering are the same, as in an ordinary proceeding.
La. C.C.P. article 4662 states:
Except as otherwise provided in this Title and by law, the rales applicable to *665 an ordinary proceeding apply, so far as practicable, to a concursus proceeding.
Based on the provisions of these code articles, we find that the trial court erred in adjudicating the merits of the concursus proceeding on a summary basis. Once Mr. Reuther was named as a defendant in the concursus proceeding, he was entitled to avail himself of the rules applicable to ordinary proceedings. The record does not contain any sufficient evidence indicating that following the rules applicable to ordinary proceedings is impracticable in this case.[1]
La. C.C.P. article 4660 allows a trial court to grant certain injunctive relief to a plaintiff in a concursus proceeding. That article states:
The court may grant the plaintiff in a concursus proceeding injunctive relief prohibiting the defendants from instituting or prosecuting in any court of this state or of the United States any other action or proceeding on the claim involved in the concursus proceeding.
However, in this case, the trial court exceeded its authority by granting an injunction broader in scope than that authorized by La. C.C.P. article 4660.
For these reasons, we vacate the preliminary injunction granted by the trial court on June 10, 2002, and remand this case for further proceedings consistent with this opinion.
VACATED AND REMANDED.

. Arguments of counsel for Mr. Smith and Shreveport Paddlewheels as to the impracticability of applying the rules of ordinary proceedings to this concursus proceeding are not sufficient to invoke an exception to the general rule of La. C.C.P. article 4662.