945 So.2d 968 (2006)
Monique Boissiere DEJOIE, Plaintiff-Appellant,
v.
The Honorable Lloyd J. MEDLEY, Jr., et al., Defendants-Appellees.
Nos. 41,635-CA, 41,333-CW.
Court of Appeal of Louisiana, Second Circuit.
December 20, 2006.
*970 Moore, Walters, Thompson, Thomas, Papillion & Cullens by Charles R. Moore, David Abboud Thomas, Baton Rouge, for Appellant.
Charles C. Foti, Attorney General, for Appellees.
Hymel, Davis & Peterson, L.L.C. by L.J. Hymel, Michael Reese Davis, Tim P. Hartdegen, Special Assistant Attorneys General, Maria Nan Alessandra, for Appellee, Lloyd Joseph Medley, Jr.
Before WILLIAMS, CARAWAY & SEXTON (Pro Tempore), JJ.
SEXTON, J.
This appeal arises out of a discrimination suit filed by Plaintiff, Monique Boissiere Dejoie, in connection with her termination as a minute clerk in the office of Judge Lloyd J. Medley, Jr., Orleans Parish District Court Judge. In her original and amended petitions, Plaintiff sued Judge Medley, the Judicial Expense Fund for the Civil District Court for the Parish of Orleans ("JEF"), the State of Louisiana through the Civil District Court for the Parish of Orleans ("State through the CDC"), the judges of the Civil District Court of the Parish of Orleans and the First and Second City Courts of the City of New Orleans, sitting en banc ("Judges en banc"), and the seventeen individual judges of that court[1] ("individual Judges").
Plaintiff appeals the trial court's grant of an exception of lack of procedural capacity against State through the CDC and Judges en banc and the grant of an exception of prescription against the individual judges and Judges en banc. The trial court denied an exception of lack of procedural capacity of the JEF.
Plaintiff filed writ applications seeking review of the granting of the above exceptions. This court converted Plaintiff's three writ applications into appeals and consolidated them into this appeal. The JEF filed a writ application on the denial *971 of its exception. This court referred consideration of that writ to this appeal.
For reasons stated herein, we reverse the granting of the exception of lack of procedural capacity of the State through the CDC. We reverse the denial of the exception of lack of procedural capacity of the JEF. We affirm the granting of the exception of lack of procedural capacity to the Judges en banc, and, on our own motion, hold that, with respect to the individual judges, Plaintiff failed to state a cause of action.

FACTS
Plaintiff filed suit alleging gender and pregnancy discrimination under the Louisiana Employment Discrimination Law (LEDL), La. R.S. 23:301, et seq. Plaintiff started work as a minute clerk in October 1995 for Judge Niles Hellmers and two years later went to work as minute clerk for Judge Medley.[2] Plaintiff became pregnant in January 2003 while still working for Judge Medley. That summer she experienced complications from the pregnancy and was informed that she would have to have her gallbladder removed after the delivery of her child. Since her employer's sixty days of maternity leave would not be enough to recover from both the birth and the subsequent surgery, Plaintiff made a formal request for additional leave time.
Plaintiff delivered on September 28, 2003, and, while on maternity leave, learned that her request for additional leave time had been denied by the judges of the CDC "sitting en banc." Plaintiff, thus, returned to work on January 4, 2004, after exhausting her maternity leave. After arriving back to work, Judge Medley terminated her on that date citing "restructuring" as the reason. Plaintiff alleges that, prior to her pregnancy, she had heard Judge Medley remark on more than one occasion on the diminished capacities of female employees after they become mothers.
On August 28, 2004, Plaintiff filed a petition seeking damages for the alleged violation of LEDL by Judge Medley, the JEF and the State through the CDC. The JEF and the State through the CDC each filed a dilatory exception of lack of procedural capacity to be sued. On December 28, 2004, Plaintiff amended her petition to add as defendants all the judges of the Civil District Court for the Parish of Orleans, individually and "sitting en banc." The Judges en banc filed an exception of lack of procedural capacity to be sued and the individual judges filed a joint peremptory exception of prescription. Two individual judges, Judge Irons and Judge Cates, filed exceptions of no cause of action. The other individual judges also jointly filed an exception of no cause of action. Judge Medley filed a motion for summary judgment.
All exceptions were heard by the trial court at a single hearing; and, after hearing arguments, the trial court overruled the exception of lack of procedural capacity filed by the JEF and granted those filed by the Judges of the CDC and the State through the CDC. The court also granted the exception of prescription filed by the Judges of the CDC. Four separate judgments were signed by the trial court. In addition, Judge Medley's motion for summary judgment was granted. Plaintiff did not appeal this judgment and, thus, Judge Medley is not a party to this appeal.
Plaintiff filed three writs seeking reversal of the trial court's granting of three Defendants' exceptions. This court converted *972 those writs into appeals and consolidated them into this appeal. This court referred consideration of the writ filed on behalf of the JEF for denial of its exception of lack of procedural capacity to this appeal. We now consider the proper disposition of all four Defendants.

DISCUSSION
Lack of procedural capacity is a dilatory exception which tests a party's legal capacity to bring an action or to have one brought against it. Bright Morning Star Missionary Baptist Church v. Brown, 38,333 (La.App.2d Cir.5/28/04), 877 So.2d 1003, writ not considered, 04-2136 (La.11/15/04) 887 So.2d 466; Palowsky v. Premier Bancorp, Inc., 597 So.2d 543 (La. App. 1st Cir.1992). An entity must qualify as a juridical person to have the capacity to be sued. Dugas v. City of Breaux Bridge Police Dep't., 99-1320 (La.App.3d Cir.2/2/00), 757 So.2d 741, writ denied, 00-0671 (La.4/20/00), 760 So.2d 1159. "A juridical person is an entity to which the law attributes personality, such as a corporation or a partnership." La. C.C. art. 24. In Roberts v. Sewerage and Water Board of New Orleans, 92-2048 (La.3/21/94), 634 So.2d 341, the supreme court has adopted a functional approach for determining whether a political subdivision is a separate and distinct juridical person.
The important determination with respect to the juridical status or legal capacity of an entity is not its creator, nor its size, shape, or label. Rather the determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity.
Id. The court emphasized that "such a determination will depend on an analysis of specifically what the entity is legally empowered to do." Id. The Revision Comments to La. C.C. art. 24 further provide that "[t]he capacity of a juridical person is governed by the provisions in its charter, governing legislation and customs." Therefore, in determining whether Defendants are juridical persons and, thus, have procedural capacity, we look to the manner in which they function and the authority that created them (their organic law).
We first address whether the Judges en banc are a juridical person. We hold that they are not. The Judges en banc has no single point of creation. Instead, they are referenced only as a designation for when all judges are present to decide a given matter. See, e.g., La. R.S. 13:1147 (listing matters over which the Judges of the Civil District Courts may sit en banc); Uniform Rules of La. Dist. Courts, Rule 1.0, 1.3 and 4.1 (including several examples of decisions requiring the judges to approve en banc). The statute creating the JEF gives the Judges en banc authority to control it. La. R.S. 13:1312. We read this reference as merely designating the group within the court that has power to make decisions about the JEF and not as creating a distinct juridical entity. Decision-making bodies within a branch of government are not necessarily independent juridical persons. City Council of the City of Lafayette v. Bowen, 94-584 (La.App. 3d Cir. 11/2/94), 649 So.2d 611, writ denied, 94-2940 (La.1/27/95), 650 So.2d 244. Holding that the Judges en banc are not a juridical person and have no procedural capacity, we, therefore, affirm the trial court's granting of the Judges en *973 banc's exception of lack of procedural capacity.
Likewise, we hold that the JEF is not a juridical person. The JEF was created by La. R.S. 13:1312. That statute does not address the procedural status of the JEF. It merely establishes it as a fund and addresses for what purpose the money from the fund can be used. The statute creates the JEF as a fund for the payment of court expenses that is controlled by the Judges "sitting en banc." To paraphrase the statute, it is simply a fund which can be used for purposes connected with the administration or function of the court that is controlled by a majority vote of the judges collectively, i.e., en banc. Nothing in the statute indicates that the JEF is a juridical person. See Bellow v. Charbonnet, 1999 WL 203740 (E.D.La.1999).
Further, we reject the notion that conducting various matters in the name of the JEF confers juridical personality. While the comments to article 24 offer that custom also governs whether a person can be a juridical person, custom may not abrogate legislation. La. C.C. art. 3. The JEF is an account for receiving and dispensing court funds. It does not have procedural capacity. We, therefore, reverse the trial court's ruling in that regard and dismiss the JEF.
Next, we conclude that the State through the CDC has procedural capacity. While Defendants focus on whether the CDC itself is a juridical person, they fail to appreciate that the State is the named defendant in the suit. The State is an entity that can be sued. See La. Const. art. 12, § 10 (waiver of State's sovereign immunity). The judiciary, while a separate branch of state government, is, obviously, an agency of the state. La. Const. Art. 5, § 1, et. seq. The state and its agencies are particularly included in the Louisiana Employment Discrimination Law. La. R.S. 23:302(2). See generally, La. R.S. 39:1538 (providing for claims against the state, but expressly not affecting judicial immunity); La. R.S. 49:258 (defining state agency broadly including "other entity of the state"). Thus, the trial court erred in granting the State through the CDC's exception of lack of procedural capacity, and we reverse that ruling.
Finally, we hold, on our own motion, that Plaintiff failed to assert a cause of action against the individual judges.[3] La. C.C.P. art. 926(B). An exception of no cause of action tests whether the law provides a remedy against the defendant under the factual allegation of the petition. Badeaux v. Southwest Computer Bureau, Inc., 05-0612 (La.3/17/06), 929 So.2d 1211. The exception is triable on the face of the petition and each well-pleaded fact in the petition must be accepted as true. Id. This court, however, is not required to accept conclusions of law contained in the petition. Holmgard v. First National Bank of Commerce, 96-0853 (La. App. 4th Cir.1/15/97), 687 So.2d 583. No evidence may be introduced to support or controvert the exception of no cause of action. La. C.C.P. art. 931. An exception of no cause of action should be granted when it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief. Badeaux, supra. The plaintiff must be afforded every reasonable interpretation of the language *974 of the petition in favor of maintaining its sufficiency. Id.
Plaintiff sues under the LEDL for sex and pregnancy discrimination. The LEDL prohibits discriminatory practices by an employer against an employee based on either sex or pregnancy. La. R.S. 23:332 and 342. The LEDL defines an employer as:
"Employer" means a person, association, legal or commercial entity, the state, or any state agency, board, commission, or political subdivision of the state receiving services from an employee and, in return, giving compensation of any kind to an employee. The provisions of this Chapter shall apply only to an employer who employs twenty or more employees within this state for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. (Emphasis added.)
La. R.S. 23:302(2). This statutory definition given by the LEDL controls over the general test for employers based on a right of control. Duplessis v. Warren Petroleum, Inc., 95-1794 (La.App. 4th Cir.3/27/96), 672 So.2d 1019. Whether a defendant meets the statutory definition of employer is a legal question and we do not have to accept Plaintiff's assertion in her petition that all Defendants were her employers. See Holmgard, supra. For the individual judges, therefore, to be considered as Plaintiff's employer under the LEDL, they each, individually, must receive services from Plaintiff and give compensation to Plaintiff.
The seventeen individually named judges do not meet the statutory definition of employer in relation to Plaintiff. The statute governing the appointment of the minute clerks establishes that a minute clerk does not render services for any individual judge except for her supervising judge. Each judge appoints one minute clerk "for his own section of [the Civil District] court." La. R.S. 13:1136(F). (Emphasis added.) She did not confer services upon each judge, nor was her compensation paid by the individual judges. While a judge may appoint such personnel as needed for the functioning of the court, they are paid out of the monies of the JEF. La. R.S. 13:1312(C). Our finding is limited to the seventeen judges named and does not extend to any other entity or Defendant in this suit.[4] We, therefore, hold that Plaintiff asserted no cause of action upon which she can recover against the seventeen individual judges. The seventeen individual judges are dismissed accordingly. In light of this holding, we do not need to consider the individual judges' joint exception of prescription granted by the trial court.

CONCLUSION
For the foregoing reasons, we hold that the Judges en banc and the Judicial Expense Fund do not have procedural capacity. We affirm the trial court's granting of the exception of lack of procedural capacity of the Judges en banc and reverse its denial of the Judicial Expense Fund's exception of lack of procedural capacity, thereby dismissing the Judicial Expense Fund and the Judges en banc. We hold that the State through the CDC has procedural capacity; and, therefore, the trial court erred in granting its exception, and that ruling is reversed. In addition, on our own motion, we supply and sustain an exception of no cause of action against the *975 judges individually, dismissing them from the suit. Costs hereof are assessed against Defendant, State of Louisiana, in the amount of $537.55, pursuant to La. R.S. 13:5112.
AFFIRMED IN PART; REVERSED IN PART; REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] The petition names: Chief Judge Carolyn W. Gill-Jefferson, Judge Michael G. Bagneris, Judge Sidney H. Cates, Judge Herbert A Cade, Judge Robin M. Giarrusso, Judge Piper G. Griffin, Judge Ethel Simms Julien, Judge Madeleine M. Landrieu, Judge Rosemary Ledet, Judge Yada T. Magee, Judge Nadine M. Ramsey, Judge Kern A. Reese, Judge Paulette R. Irons, Judge Mary K. Norman, Judge Charles A. Imbornone, Judge Angelique Reed and Judge Sonja Spears.
[2] Each judge appoints his own minute clerk who is sworn as a deputy clerk and paid as determined by the court en banc. La. R.S. 13:1211.
[3] As stated above, two of the individually named judges filed an exception of no cause of action based on not being sworn in as judges until after the termination of Plaintiff. The remaining individual judges jointly filed an exception of no cause of action based on not meeting the statutory definition of "employer." The trial court did not rule on this exception because it granted the individual judges' exception of prescription.
[4] Recall that Judge Medley was dismissed on summary judgment which is not before this court on appeal. We express no opinion as to whether Judge Medley meets the statutory definition of employer in this case.