990 So.2d 1291 (2008)
Monique Bossiere DEJOIE, Plaintiff-Appellant
v.
The Honorable Lloyd J. MEDLEY, Jr. et al., Defendant-Appellee.
No. 43,448-CA.
Court of Appeal of Louisiana, Second Circuit.
August 13, 2008.
*1292 Charles R. Moore, David A. Thomas, Baton Rouge, for Appellant.
L.J. Hymel, Jr., Michael R. Davis, Tim P. Hartdegen, Lafayette, for Appellee.
Before BROWN, WILLIAMS and MOORE, JJ.
WILLIAMS, J.
The plaintiff, Monique Dejoie, appeals a judgment in favor of the defendant, the State of Louisiana through the Civil District Court of Orleans Parish. The district court granted the defendant's motion for summary judgment, dismissing plaintiff's claims. For the following reasons, we reverse and remand.

FACTS
In January 1997, Monique Dejoie began working as minute clerk for Judge Lloyd Medley, Jr., in Orleans Parish Civil District Court. In January 2003, Dejoie became pregnant and requested sixty days of paid maternity leave, which was approved. After experiencing complications from the pregnancy, Dejoie made a formal request for additional leave time. Dejoie delivered her baby on September 28, 2003, and while on maternity leave she learned that her request for additional paid leave time had been denied by the judges of the Civil District Court. However, Dejoie was allowed to take an unpaid leave of absence. Dejoie returned to work on January 4, 2004, when Judge Medley informed her that she was being terminated due to a restructuring of his staff.
In August 2004, the plaintiff, Dejoie, filed a petition for damages against the defendants, Judge Medley, the Judicial Expense Fund for the Civil District Court for the Parish of Orleans ("JEF"), and the State of Louisiana through the Civil District Court for the Parish of Orleans ("State through the CDC"), alleging gender and pregnancy discrimination under the Louisiana Employment Discrimination Law (LEDL), LSA-R.S. 23:301, et seq. The JEF and the State through the CDC filed dilatory exceptions of lack of procedural capacity to be sued. In December 2004, the plaintiff amended her petition to add as defendants all of the judges of the Civil District Court for the Parish of Orleans, individually and "sitting en banc." The Judges en banc filed an exception of lack of procedural capacity to be sued and the individual judges filed a joint peremptory exception of prescription. After a hearing, the district court overruled the exception of lack of procedural capacity filed by the JEF and granted the exceptions filed by the Judges en banc and the State through the CDC. In addition, Judge Medley's motion for summary judgment was granted and plaintiff did not appeal that ruling.
The plaintiff and the JEF filed writ applications seeking review of the trial court's rulings. After all of the judges of the Fourth Circuit Court of Appeal recused themselves, the Louisiana Supreme Court reassigned the case to the Second Circuit, which converted the writs to an appeal. This court affirmed the district court's judgment granting the exception of *1293 lack of procedural capacity of the Judges en banc and reversed the court's denial of the JEF's exception, finding that those parties did not have procedural capacity. However, this court found that the State through the CDC did have procedural capacity, reversed the judgment granting the State's exception and remanded the case. Thus, the State is the only defendant. Dejoie v. Medley, 41,635 (La.App. 2d Cir.12/20/06), 945 So.2d 968.
Following remand, the State filed a motion for summary judgment on the grounds that it was not the plaintiff's employer under the LEDL because the State did not pay her any compensation or receive any services from her. Subsequently, the district court rendered judgment granting the State's motion for summary judgment and dismissing plaintiff's claims. The plaintiff appeals the judgment.

DISCUSSION
The plaintiff contends the district court erred in granting the State's motion for summary judgment. Plaintiff argues that under the LEDL the State was her employer because the civil district court received her services and paid her compensation.
The judicial power of the state is constitutionally vested in the courts. La. Const. art. 5, sec. 1. Thus, the judiciary, although a separate branch of state government, is an agency of the state. Dejoie, supra. The state and its agencies are particularly included in the provisions of the LEDL, which defines an employer as a person, the state or any state agency "receiving services from an employee and, in return, giving compensation of any kind to an employee." LSA-R.S. 23:302(2); Dejoie, supra.
The clerk of the Orleans Parish Civil District Court and the clerks of the First and Second City Courts of New Orleans, shall place all sums collected in a separate account designated as the Judicial Expense Fund for the Civil District Court of Orleans Parish. The judges, sitting en banc, of the Civil District Court and the First and Second City Courts shall have control over all disbursements made from the fund. LSA-R.S. 13:1312(A).
Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. The mover has the burden of establishing the absence of a genuine issue of material fact. If the mover will not bear the burden of proof at trial on the matter, the mover is required to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim or action. LSA-C.C.P. art. 966(C)(2). Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. NAB Natural Resources v. Willamette Industries, Inc., 28,555 (La.App. 2d Cir.8/21/96), 679 So.2d 477.
In the present case, the record shows that plaintiff was appointed by Judge Medley, who was a member of the state judiciary. The plaintiff's duties as minute clerk were to expedite the functioning of the civil district court under the supervision of Judge Medley. The district court was administered by the judges, members of the judiciary, and their staffs. Based upon the evidence presented, we conclude that the State received the services of plaintiff in her work as a minute clerk of the Orleans Parish Civil District Court.
*1294 In its appellate brief, the State argues that it did not give compensation to plaintiff because she was paid with monies from the JEF and not with funds appropriated from the state treasury. Pursuant to LSA-R.S. 13:1312, the judges of the Civil District Court and the First and Second City Courts of New Orleans, sitting en banc, may appoint such personnel as they deem necessary to expedite the function of the court and pay the salaries of such personnel out of the monies in the JEF. In general, the JEF is established and may be used for any purpose related to the proper administration or function of the court or the offices of the individual judges. LSA-R.S. 13:1312(C).
Contrary to the state's argument, the source of the funds used to pay the plaintiff's salary does not determine whether the State gave plaintiff compensation for purposes of defining the term "employer" under the LEDL. Rather, pursuant to the language of the statute, the issue is whether the State acted to give "compensation of any kind" to plaintiff in return for her services. The State has not shown that when the State receives services from an employee, only funds appropriated from the state treasury may be considered as the "compensation" referred to in the LEDL.
Here, the judges of the Civil District Court, members of the state judiciary, disbursed funds from the JEF to pay the plaintiff's salary for work performed for the court. Thus, the State received services from the plaintiff and in return gave her compensation. Consequently, the State was the plaintiff's employer as defined in the LEDL and the district court erred in granting the State's motion for summary judgment.

CONCLUSION
For the foregoing reasons, the district court's judgment is reversed and this matter is remanded for further proceedings. Costs of this appeal are assessed to the appellee, State of Louisiana, to the extent allowed by law.
REVERSED AND REMANDED.