# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-30379

United States Court of Appeals
Fifth Circuit

**FILED**

March 12, 2015

Lyle W. Cayce
Clerk

LENETRA JEFFERSON,

Plaintiff - Appellee

v.

DELGADO COMMUNITY COLLEGE CHARITY SCHOOL OF NURSING,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-2626

Before JOLLY, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:*

The Louisiana Attorney General appeals from two interlocutory rulings in the district court, a motion to dismiss and a motion for reconsideration, holding that plaintiff Lenetra Jefferson could proceed with her suit against the State of Louisiana. At issue in this appeal is the correct procedure for naming the State as a defendant under Louisiana law. Because we conclude for the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30379

reasons that follow that we lack appellate jurisdiction, we DISMISS this appeal for want of jurisdiction.

I.

Jefferson initiated this action by filing a complaint in Louisiana state court, alleging a racial discrimination claim under Title VII, 42 U.S.C. § 2000e-2(a). Her claim stems from alleged incidents of discrimination that occurred while she was employed by the Charity School of Nursing at Delgado Community College. In the caption of her complaint, she lists the defendant as "Delgado Community College (Charity School of Nursing)," and she identifies Delgado in the body of the complaint as "an agency or instrumentality of the government of the State of Louisiana."

After first attempting to serve Delgado through its chancellor, Jefferson subsequently served the Louisiana Attorney General, who appeared in the action and removed the case to the district court. Although the Attorney General ostensibly has represented Delgado, he purports to appear only to protect any state interests implicated by this suit. Once in the district court, the Attorney General moved to dismiss the case on procedural grounds, arguing that Jefferson had not actually sued the State because she named Delgado, which is the common name of the community college, and not the specific state agency authorized by Louisiana statute as the entity amenable to suit. The Attorney General declined to identify the *correct* state agency before the district court, but he has represented before this Court that Jefferson should have named the Board of Supervisors of Community and Technical Colleges and served the Board Chairman, who is the Board's agent for receiving service of process.

The district court denied the Attorney General's motion, concluding that Jefferson's complaint named the State because it identified Delgado as a state agency in the body of the complaint. Similarly, the district court denied the

No. 14-30379

Attorney General's motion for reconsideration, and the Attorney General filed this interlocutory appeal.

## II.

The Attorney General asserts that we have jurisdiction under the collateral order doctrine, which permits immediate appellate review under 28 U.S.C. § 1291 of a "narrow class of collateral orders." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996). Collateral orders are immediately appealable only if they "fall in that small class [of orders] which finally determine claims of right separate from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). We have said that an interlocutory order is reviewable under *Cohen* if it is "sufficiently conclusive, separate, unreviewable, and (perhaps most-importantly) important that the benefits of immediate appellate review outweigh the loss of efficiency that any movement away from a strict finality approach entails." *Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 173 (5th Cir. 2009). Following review, and with the benefit of supplemental briefing on the issue, we hold that the district court's rulings are not immediately appealable under the collateral order doctrine because this Court may review them upon entry of final judgment.

The Attorney General contends that the State's due process rights are violated if the State is compelled to participate in this litigation because Jefferson did not properly name and serve the State as a defendant. Merely asserting a due process right, however, does not mean that the collateral order doctrine applies. For example, personal jurisdiction implicates a defendant's due process rights, but a defendant may not appeal the denial of a motion to dismiss based on lack of personal jurisdiction under the collateral order rule.

No. 14-30379

*See Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 873 (1994) (rejecting a broad assertion of a right under the collateral order doctrine in part because it would extend the doctrine to personal jurisdiction); *see also Turi v. Main St. Adoption Servs., LLP*, 633 F.3d 496, 502 (6th Cir. 2011) ("A claim that the trial court lacks personal jurisdiction over the defendant can be vindicated on appeal after trial, and thus does not satisfy the third prong of the collateral-order doctrine."). Here, the State's rights may be vindicated on appeal from final judgment. If the State was not properly served and named in the action, any judgment against it would be unenforceable. Although the Attorney General asserts that he risks waiving the issue by appearing and defending this suit, a party waives a challenge to the sufficiency of process by failing to *raise* the argument in accordance with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(h)(1). The Attorney General *has* asserted that Jefferson did not properly serve the State, and the State has preserved this argument for review following entry of a final judgment.

The Attorney General draws from the Supreme Court's decision in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, in which the Court acknowledged the "bedrock principle" that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." 526 U.S. 344, 347 (1999). *Murphy Brothers* involved the time period for removal under 28 U.S.C. § 1446(b), and not the collateral order doctrine. To the point, the State's due process rights here are no more fundamental than personal jurisdiction, which "protects the individual interest that is implicated when a nonresident defendant is haled into a distant and possibly inconvenient forum." *United States v. Morton*, 467 U.S. 822, 828 (1984). As with a defendant who unsuccessfully moves to dismiss based on lack of personal jurisdiction, the Attorney General here faces the same strategic dilemmas. He may take a

default judgment and appeal on the issues he has raised here, but he may face a binding judgment if this Court does not ultimately agree with the Attorney General's contention that the State was not properly named and served as a defendant in this action.  Conversely, the Attorney General may defend the action on behalf of the State and incur litigation costs that are ultimately unnecessary if this Court adopts his position.  *Any* litigant faces these choices when a court denies a potentially dispositive motion, but it would eviscerate the collateral order doctrine to hold that any such interlocutory order is immediately appealable.  *See Will v. Hallock*, 546 U.S. 345, 350 (2006) (emphasizing that the class of reviewable collateral orders is "narrow and selective in its membership").

Indeed, the Supreme Court has observed that service of process, which initiates a defendant's obligations in a civil suit, imposes no great burden on the defendant.  *See Van Cauwenberghe v. Biard*, 486 U.S. 517, 526 (1988) ("Service of process merely requires that a defendant appear through an attorney and file an answer to the complaint to avoid default.").  Even when a defendant claimed to be *immune* to service of process because his presence in the United States was due solely to his extradition on criminal charges, the Court held that such an immunity would relieve him from the binding force of the judgment only, not from the inconvenience of having to stand trial.  *See id.* at 527.  Thus, the district court's denial of a motion to dismiss was not immediately appealable.  *Id.*  As in *Van Cauwenberghe*, the district court's conclusion in this case means that the State must now defend the litigation or face the risk of a default judgment against it.  Like the defendant in *Van Cauwenberghe*, however, the Attorney General may raise his arguments regarding service of process at issue here on appeal from a final judgment.

Finally, we reject the Attorney General's assertion that the State is entitled to immediate appellate review because it is a sovereign state.  We note

No. 14-30379

that "[c]onsistent with Supreme Court precedent and the general purposes of the final judgment rule, we determine whether an order is appealable as a general or categorical matter." *Henry*, 566 F.3d at 173. At bottom, the Attorney General has raised a procedural argument: the complaint should be dismissed because Jefferson listed "Delgado Community College (Charity School of Nursing)" in the caption of her complaint instead of the Board of Supervisors of Community and Technical Colleges, and consequently, the State has not been properly named and served with process in this action. The Attorney General's argument is no different from the argument that any private litigant could make concerning the insufficiency of service of process.[1]

Thus, we hold that the Attorney General is not entitled to appellate review of the district court's orders under the collateral order doctrine.

### III.

Alternatively, the Attorney General requests that we effectively treat his appeal as a petition for a writ of mandamus raising this issue. A writ of mandamus is appropriate only if: "(1) the petitioner has no other adequate means to attain the desired relief; (2) the petitioner has demonstrated a right to the issuance of a writ that is clear and indisputable; and (3) the issuing court, in the exercise of its discretion, is satisfied that the writ is appropriate under the circumstances." *In re Allen*, 701 F.3d 734, 735 (5th Cir. 2012) (per

---

[1] The Attorney General points the Court to a case holding that a denial of a motion to dismiss based on sovereign immunity is immediately appealable under the collateral order doctrine. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 147 (1993). The Attorney General has not cited to any authority, however, suggesting that his specific argument here implicates sovereign immunity. For example, he does not argue that Jefferson is barred from bringing a Title VII claim against the State based on the allegedly discriminatory incidents that occurred at Delgado Community College. Instead, he merely argues that Jefferson has failed to name and serve the State as a defendant, a procedural contention.

curiam) (internal quotation marks omitted).  The Attorney General has not satisfied any of the three elements of mandamus review.

As we have discussed above, the State has an effective right to relief on appeal from final judgment.  *See In re Occidental Petroleum Corp.*, 217 F.3d 293, 295 (5th Cir. 2000) (stating that a petitioner for mandamus relief must show that "error is *irremediable on ordinary appeal*").  Additionally, the district court denied the Attorney General's motions based on a Louisiana appellate decision that applies a flexible inquiry into whether a plaintiff has sued the State.  *See Dejoie v. Medley*, 945 So. 2d 968, 973 (La. Ct. App. 2006).  In *Dejoie*, the plaintiff attempted to sue the Civil District Court for the Parish of Orleans, which argued that it was not a juridical person.  The court reasoned that the plaintiff had named the *State* as a defendant in the suit, however, and it reversed the trial court's ruling that the Civil District Court lacked procedural capacity to be sued.  *Id.*  The district court here did not clearly abuse its power by concluding that Jefferson's description of Delgado as a state agency in the body of her complaint was sufficient to name the State in the suit and that her service on the Attorney General was service on the State.  Additionally, a writ is inappropriate because the Attorney General has identified the proper state board that he asserts should be named on the face of the complaint and formally served with process.  Thus, the parties may now reevaluate their positions in the district court in the light of the Attorney General's acknowledgment.

Accordingly, we decline to consider the Attorney General's arguments on a petition for mandamus review because mandamus review is not warranted on these facts.[2]

---

[2] We note that the Attorney General cites to our decision in *In re Equal Employment Opportunity Commission*, 709 F.2d 392 (5th Cir. 1983).  In that case, we recognized that we may also grant mandamus review in certain cases to resolve important and unsettled issues

No. 14-30379

## IV.

In sum, we hold that we lack jurisdiction to consider the Attorney General's interlocutory appeal.

DISMISSED.

---

of law. *Id.* at 394. We are unpersuaded that the service-related issues here are of such great importance that immediate review is warranted. Instead, we believe that any error by the district court can be remedied on appeal from a final judgment.