Judgment rendered May 26, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,849-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

CURLEY JEFFERSON                                    Plaintiff-Appellant

versus

STATE FARM MUTUAL                                   Defendant-Appellee
AUTOMOBILE INSURANCE
COMPANY

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 594874

Honorable Craig Owen Marcotte, Judge

* * * * *

CURLEY JEFFERSON                                    In Proper Person,
                                                   Appellant


CASTEN & PEARCE, APLC                              Counsel for Appellee,
By: Theodore John Casten                           State Farm Mutual
                                                   Automobile Insurance
                                                   Company


DUDLEY DEBOSIER INJURY LAWYERS                     Counsel for Third Party
By: Summer Sheree Bluford                          Appellees,
                                                   Dudley DeBosier Injury
                                                   Lawyers, Summer
                                                   Sheree Bluford, In
                                                   Proper Person

LAUREN V. TARVER

Counsel for Third Party
Appellee,
State of Louisiana DCFS,
Child Support
Enforcement

* * * * *

Before STONE, ROBINSON, and BLEICH *(Ad Hoc)*, JJ.

**STONE, J.**

Appellant, Curley Jefferson ("Mr. Jefferson"), filed a *pro se* motion objecting to Appellee's, State Farm Mutual Automobile Insurance Company ("State Farm"), concursus proceeding, along with a number of other repetitive filings. State Farm filed, in response, a peremptory exception of no cause of action. The district court denied all of Mr. Jefferson's filings and granted State Farm's exception of no cause of action, relieving State Farm of all liability concerning the $30,000 deposited into the registry of the court for the purpose of concursus. Appellant now appeals.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On October 13, 2015, Mr. Jefferson was involved in a hit-and-run automobile accident, which occurred in Shreveport, Caddo Parish, Louisiana. On August 19, 2016, Summer Bluford ("Ms. Bluford") of Dudley DeBosier Injury Lawyers ("Dudley DeBosier") filed a petition for damages against State Farm on behalf of Mr. Jefferson. In the petition for damages, Mr. Jefferson sought recovery under his uninsured motorist policy. Following discovery and negotiations between the parties, there appeared to be an agreement to settle Mr. Jefferson's claim. On July 9, 2018, counsel for State Farm indicated to the district court that the matter was settled and accordingly, the case was removed from the trial docket. The settlement, however, was never finalized. On March 15, 2019, following Mr. Jefferson's continued refusal to execute the receipt and release agreement, Ms. Bluford filed a motion and order to withdraw as counsel of record. The district court granted Ms. Bluford's motion to withdraw and thereafter, Mr. Jefferson proceeded *pro se*.

On April 23, 2019, in an effort to resolve the matter, State Farm filed a petition for concursus, wherein it admitted indebtedness. State Farm requested leave of court to deposit the insurance proceeds into the registry of the court and for disbursement among Mr. Jefferson and those parties asserting an interest in the settlement proceeds.[1] On May 14, 2019, State Farm tendered the policy limit ($30,000) into the registry of the court.

On May 7, 2019, Mr. Jefferson filed an original response to the petition for concursus and other objections. In this filing Mr. Jefferson made a general objection to the petition for concursus; made a formal request for a trial; and alleged that there were several unresolved issues between he and State Farm that needed to be addressed prior to any agreement of settlement. Mr. Jefferson alleged the following unresolved issues: (1) whether the district court had jurisdiction over an insurance policy issued by the State of Texas and Texas insurance civil law; (2) whether counsel rendered effective assistance of counsel by not investigating the law and facts of the insurance policy or violated other laws of the State of Texas; (3) whether Dudley DeBosier has a license to practice law in the State of Texas; (4) whether Mr. Jefferson will require long term medical care; and (5) whether Texas Civil statutes applied to Mr. Jefferson's insurance policy. Mr. Jefferson further objected to the concursus proceedings for the following reasons, to wit: that he is entitled to a sum greater than $30,000, as his medical bills are in excess of $70,000; that he believes that he is entitled to exemplary damages due to State Farm's failure to timely pay his claim; and that additional discovery is

---

[1] The State of Louisiana on behalf of the Texas Attorney General's Office asserted a claim for $56,085.84 in child support arrears and $3,408.99 in medical arrears. Ms. Bluford and Dudley DeBosier asserted a claim for $2,021.18 for costs advanced and $12,000, which represented their 40% contingency fee.

2

needed to determine if the hit-and-run driver is insured, as that driver has since been identified.

In a series of repetitive filings, beginning with his first cause of action for breach of contract and a second cause of action for breach of duty of good faith and fair dealings, Mr. Jefferson continuously re-urged that: he is a domiciliary of Texas; his claim is in excess of $30,000; State Farm breached its contract by failing to promptly pay his insurance claim; and he is entitled to additional damages due to that breach. In response, State Farm filed a peremptory exception of no cause of action, or in the alternative, dilatory exception of vagueness, and objections to Mr. Jefferson's other repetitive filings. In the exception of no cause of action, State Farm argued that Mr. Jefferson failed to make specific allegations of fraud or bad faith, and he could not show that State Farm acted in conformity with La. R.S. 22:1973(B).[2]

On January 24, 2020, the district court rendered a judgment denying all of Mr. Jefferson's filings and granting State Farm's exception for no cause of action. The district court further determined that State Farm was

---

[2] B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A of this Section:

(1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
(2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
(3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.
(4) Misleading a claimant as to the applicable prescriptive period.
(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
(6) Failing to pay claims pursuant to R.S. 22:1893 when such failure is arbitrary, capricious, or without probable cause.

3

relieved of all liability concerning the $30,000 deposited into the registry of the court for the purpose of concursus.

Appellant now appeals.

## DISCUSSION

Mr. Jefferson has filed an appeal asking this Court to review the district court's ruling which granted State Farm's peremptory exception of no cause of action, and determined that State Farm was relieved of all in the concursus proceeding.

The peremptory exception of no cause of action tests the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. *Gipson v. Fortune*, 45,021 (La. App. 2 Cir. 1/27/10), 30 So. 3d 1076, *writ denied*, 10-0432 (La. 4/30/10), 34 So. 3d 298. The burden of showing that the plaintiff has stated no cause of action is upon the exceptor. *City of New Orleans v. Board of Directors of La. State Museum*, 98-1170 (La. 3/2/99), 739 So. 2d 748; *In re Succession of Carroll*, 46,327 (La. App. 2 Cir. 7/20/11), 72 So. 3d 384, *writ not cons.*, 11-1844 (La. 11/4/11), 75 So. 3d 912.

The exception is triable on the face of the petition, and each well-pled fact must be accepted as true. There is no requirement that the court accept as true any conclusions of law alleged in the petition. *Dejoie v. Medley*, 41,333 (La. App. 2 Cir. 12/20/06), 945 So. 2d 968. In determining whether the law affords any remedy, all reasonable inferences are made in favor of the nonmoving party. *City of New Orleans v. Board of Directors of La. State Museum, supra; Rangel v. Denny,* 47,381 (La. App. 2 Cir. 8/8/12), 104 So. 3d 68. Generally, an exception of no cause of action must be overruled unless the allegations in the petition exclude every reasonable hypothesis

4

other than the premise on which the defense is based, *i.e.,* unless the plaintiff has no cause of action under any evidence admissible under the pleadings. *Steed v. St. Paul's United Methodist Church*, 31,521 (La. App. 2 Cir. 2/24/99), 728 So. 2d 931, *writ denied*, 99-0877 (La. 5/7/99), 740 So. 2d 1290.

Appellate courts conduct a *de novo* review of a district court's ruling sustaining an exception of no cause of action where the exception raises a question of law and the district court's decision should be based only on the sufficiency of the petition. An exception of no cause of action is sustained only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. The question is whether, in the light most favorable to the plaintiff, the petition states any valid cause of action for relief. *See Badeaux v. Southwest Computer Bureau, Inc.*, 05-0612 (La. 3/17/06), 929 So. 2d 1211*; City of New Orleans v. Board of Directors of La. State Museum, supra*.

In reviewing this matter *de novo*, Mr. Jefferson's claims are viewed as an objection to the concursus proceedings filed by State Farm.

Concursus proceedings are governed by La. C.C.P. arts. 4651 through 4662. La. C.C.P. art. 4651 defines a concursus proceeding as "one in which two or more persons having competing or conflicting claims to money, property, or mortgages or privileges on property are impleaded and required to assert their respective claims contradictorily against all other parties to the proceeding." A casualty insurer that admits full liability for its policy proceeds and deposits those proceeds into the court registry may implead persons who have conflicting claims. La. C.C.P. art. 4652.

5

A concursus proceeding is simply a vehicle whereby one who admits owing money to others may deposit that money into the registry of the court, thereby relieving himself of the liability for the money so deposited. La. C.C.P. art. 4658. The Louisiana Supreme Court has held that it is not until the insurer deposits into the registry of the court both the full amount of insurance coverage and legal interest from date of demand until date of deposit, that the liability insurer is discharged from its obligation to tort victims. *See Brumfield v. State Farm Insurance Company*, 590 So. 2d 575 (La. 1991).

A concursus proceeding is neither a summary proceeding nor a substitute for trial on the merits and it cannot be used for the adjudication of claims raised in the main demand. *See Hollywood Casino Shreveport v. Shreveport Paddlewheels, LLC.*, 02-2134 (La. App. 4 Cir. 7/23/03), 853 So. 2d 660, *writ denied,* 04-0098 (La. 3/19/04), 869 So. 2d 857. The primary purpose of this remedial proceeding is to protect the stakeholder from multiple liability, from conflicting claims, and from the vexation attending involvement in multiple litigation in which the stakeholder may have no direct interest. *Louisiana Intrastate Gas Corporation v. Muller*, 290 So. 2d 888 (La. 1974). Concursus contemplates a proceeding which leads to a single judgment adjudicating all issues between the parties. *Johnson v. Lemons*, 157 So. 2d 752 (La. App. 2 Cir. 1963). In a concursus proceeding, the jurisdiction of the court is limited to disposing of the funds on deposit and relieving the stakeholder from further liability to the impleaded claimants arising out of or as a result of the stakeholder's ownership or possession of the fund. *Asian Intern., Ltd. v. Merrill Lynch, Pierce, Fenner and Smith, Inc.,* 435 So. 2d 1064 (La. App. 1 Cir. 1983).

6

Mr. Jefferson alleges a number of claims in his May 7, 2019, objection to State Farm's concursus proceeding, however, those claims involve damages Mr. Jefferson believes State Farm owes him pursuant to his uninsured motorist policy. Once it has been established that a concursus proceeding is appropriate, that two or more persons have conflicting claims to the funds in State Farm's possession, and that the concursus proceedings were properly instituted, the district court's jurisdiction is limited only to the disbursement of the funds deposited into the registry.

On April 23, 2019, State Farm filed a petition for concursus, acknowledging liability for the full amount of the uninsured motorist policy, $30,000. The competing claims of Mr. Jefferson, the State of Texas, Ms. Bluford, and Dudley DeBosier meet the statutory requirements for which concursus is an appropriate procedural device. On May 14, 2019, State Farm deposited $30,000 into the registry of the court. By depositing the proceeds, State Farm is relieved of any further obligations to Mr. Jefferson pursuant to the terms of Mr. Jefferson's, uninsured motorist policy, for the hit-and-run automobile accident that occurred on October 13, 2015. State Farm has properly invoked and established a concursus proceeding. As such, Mr. Jefferson's objections are without merit, as they are outside the scope of the district court's jurisdiction for a concursus proceeding and go to the merit of his initial claim. The district court did not err in granting State Farm's exception of no cause of action.

## CONCLUSION

For the reasons set forth above, the district court's judgment is **AFFIRMED**. Costs of this appeal are assessed to Appellant.

7