SAMUEL, Judge.
This is a suit for personal injuries sustained by the plaintiff in an accident involving four vehicles.
The petition alleges: The accident occurred at about 9:30 p. m. on a U.S. 90 overpass in an area in which there was no lighting and in which U.S. 90 is a four-lane highway heading generally east and west with a concrete median dividing it into two lanes in each direction. Plaintiff was operating his vehicle in the left or inside westbound lane and the other three vehicles were in the right or outside westbound lane. The first vehicle was stopped on the main travelled portion of the highway near the crest of the overpass, unattended and without warning signals. The second vehicle ran into the rear of the first, the third ran into the rear of the second and the rear end of the third vehicle swung out into the left or inside lane and struck the right front of plaintiff’s vehicle. The accident was caused by the concurring and solidary negligence of the drivers of the first three vehicles (on the basis of factual allegations not pertinent to the issue now before the court).
The petition names as defendants the drivers of the lirst three vehicles, the husband of the driver of the second, and the liability insurer of the third. The prayer is for an in solido judgment against all those defendants.
The driver of the third vehicle, Philip Champagne, and his liability insurer, Heritage Insurance Company of America, filed a third party demand against all other named defendants, against the liability insurer of the driver of the second vehicle, and against Hartford Accident & Indemnity Company, plaintiff’s uninsured motorist carrier, seeking contribution from the third party defendants in the event third party plaintiffs were found liable. The third party petition denies liability on the part of the third party plaintiffs, but alternatively alleges that, in the event of such liability, all drivers, except plaintiff, were concurrently negr ligent and Hartford was liable under the uninsured motorist coverage in plaintiff’s policy because the first driver was an uninsured motorist and the vehicle she was driving was an uninsured vehicle. We note that insofar as is shown by the record, no claim has been made against Hartford by plaintiff under his policy.
Hartford filed exceptions of no right or cause of action to the third party demand. After a hearing on those exceptions, there was judgment in favor of third party plaintiffs and against Hartford, denying the exceptions. On Hartford’s application, we granted a writ of certiorari for the purpose of determining the validity of that judgment and that determination is the only issue now before us.
The liability of an uninsured motorist carrier is based solely on the contract of insurance between the carrier and its in *128 sured,[1] and the insured is the only party possessing the right to make a claim under his uninsured motorist provision. To hold otherwise would have the effect of converting the uninsured motorist provision into liability insurance covering the uninsured motorist. As stated by the Supreme Court in Booth v. Fireman's Fund Insurance Company, 253 La. 521, 218 So.2d 580, 583:
“We conclude that the intent of our uninsured motorist statute and the policy endorsement issued thereunder is to afford protection to the insured when they become the innocent victims of the negligence of uninsured motorists. The uninsured motorist provision closely resembles the policies of insurance which reimburse an insured for medical expenses or property damage resulting from an automobile accident. This action cannot be compared to that arising under our direct action statute by which suit may be brought directly against the insurer (in-demnifier) of the tort feasor without making the tort feasor a defendant. The uninsured motorist provision is not insurance or indemnification for the uninsured motorist, and the insurer does not stand in the shoes of the uninsured motorist who is the tort feasor.” (Emphasis ours).
Here, since the original plaintiff is the only party who may seek benefits from Hartford under the uninsured motorist coverage of his policy, Hartford is not obliged to contribute to plaintiff along with third party tort feasors, one or more of whom may be uninsured motorists. This result is dictated by LSA-R.S. 22:1406 D(4), which gives a carrier the right to recover payments made under the uninsured motorist provisions of its policy from the proceeds of any judgment “resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury for which such payment is made, including the proceeds recoverable from the assets of the insolvent insurer.” If, as argued by third party plaintiffs, Hartford could be held for contribution among the third party defendants to satisfy a judgment in favor of the original plaintiff, Hartford would have a right to be reimbursed from the proceeds of that very judgment to the extent of the amount of its contribution.
For the reasons assigned, the judgment denying Hartford’s exceptions is reversed, and it is ordered that there be judgment in favor of third party defendant, Hartford Accident & Indemnity Company, and against third party plaintiffs, Philip Champagne and Heritage Insurance Company of America, maintaining the former’s exception of no right of action and dismissing the latters’ third party demand insofar as that demand is against Hartford Accident & Indemnity Company. The matter is remanded to the trial court for further proceedings in accordance with law. Costs in this court are to be paid by third party plaintiffs.

REVERSED AND REMANDED.

. Shirley v. Aetna Casualty & Surety Company, La.App., 256 So.2d 462.