GASKINS, J.
|, The plaintiffs, Anthony Bryan Rangel and Bridgette Rangel, appeal from a trial court judgment sustaining an exception of no cause of action in favor of J. Wesley Dowling and Associates, Inc. (“Dowling”). For the following reasons, we reverse and remand for further proceedings.
FACTS
The plaintiffs entered into a contract in February 2010, with Dowling to sell their house situated on 40 acres of land in DeSo-to Parish. According to the allegations in the plaintiffs’ pleadings, the sale was to include mineral rights to 20 acres, the plaintiffs were to retain the mineral rights to 20 acres, and the contract provided that the plaintiffs were to inform Dowling if a prospective buyer contacted them directly. The plaintiffs alleged that, in July 2010, they were contacted by Marlon and Cynthia Curtis about buying the house, and that they notified Dowling and requested *71 that it provide a prospective buyer’s contract. The plaintiffs claimed that Dowling refused to do so because the company did not represent the Curtises. According to the plaintiffs, Mr. Rangel then personally drafted an agreement for the Curtises to buy the house, land and 20 acres of mineral rights, for approximately $396,000.
The plaintiffs pled, that, before the Cur-tises received approval for their loan, the plaintiffs moved out of the house and signed a six-month apartment lease, as well as a lease for a business space for Mrs. Rangel to carry on her business as a barber. The plaintiffs claimed that the Curtises were not able to obtain financing and backed out of the agreement to purchase the house. They contended that the Curtises could not get | financing for the house because their lending institution would not accept the appraisal of the house.
In June 2011, the plaintiffs filed a petition for damages against Dowling and the Curtises for negligence and for breach of contract.[1] The plaintiffs alleged that the Curtises breached their contract forcing the plaintiffs to sell mineral rights to cover the cost of their mortgage, apartment rent, and expenses.
Regarding Dowling, the plaintiffs alleged that the company was obligated or owed a duty to provide professional services, negotiate the sale, provide a legal and binding contract to the Curtises, and follow through to successfully close the deal. The plaintiffs contended that Dowl-ing committed errors and omissions and breached its duty to them. The plaintiffs speculated that the Curtises knew or should have known that Dowling was obligated to provide them with an agreement to buy or sell and that they may have thought that the agreement drafted by Mr. Rangel was not binding.
On July 22, 2011, Dowling filed an exception of no cause of action. Dowling argued that under its “Exclusive Right to Sell Listing Agreement,” it only had the duty to advertise the property and if an offer was made, to present it to the sellers. Dowling asserted that it fulfilled its duty. Because Dowling did not represent the Curtises, the company claimed that it had no duty to draft an offer on their behalf to present to the plaintiffs. According |sto Dowling, the plaintiffs wanted to avoid paying a commission for a broker’s fee. Dowling maintains that it had no duty to provide the plaintiffs with a contract to bind the Curtises. The company contends that the cause-in-fact of the plaintiffs’ damages was the breach of contract by the Curtises.
The trial court sustained the exception of no cause of action filed by Dowling. The plaintiffs were given 15 days to amend their petition to assert factual allegations to support their claim. The plaintiffs filed an amended petition for damages, alleging that Dowling failed to represent them in a manner that was consistent with the customs and practices of the real estate profession and caused or contributed to the plaintiffs’ damages and injuries. The plaintiffs claimed that it is customary for real estate agents/brokers to assist the purchaser and seller with alternative means of financing when prospective buyers are turned down for loans.
The plaintiffs contended that their agreement with Dowling required the company to review the purchase offer, discuss *72 financing alternatives, work to successfully close the sale, and assist in reappraising the property or supplementing the appraisal. They claimed that Dowling did not do those things.
The plaintiffs claimed that it is customary for a real estate agent to assist and represent an unrepresented buyer or a buyer who does not have his/her own real estate agent. The plaintiffs contended that Dowling had a duty when representing a buyer or seller to complete the purchase agreement form prescribed by the Louisiana Real Estate Commission in | ¿making an offer to purchase or sell residential property under La. R.S. 37:1449.1.[2] According to the plaintiffs, Dowling breached this duty.
The plaintiffs asserted that it is customary for real estate agents or brokers to inform or advise sellers not to move out of their house or rely on buy/sell agreements to their detriment until a loan has been made and the money has been paid. They urged that, had Dowling so advised them, they would not have moved out of their house and would not have incurred many of the damages they suffered such as apartment expenses, moving costs, business lease expenses, storage costs, additional insurance, and loss of mineral rights.
On October 26, 2011, Dowling filed another exception of no cause of action to the plaintiffs’ amended petition. Dowling claimed that it had no duty to perform the acts complained of by the plaintiffs. Dowl-ing stated that, if it did have such a duty, the plaintiffs’ damages were not caused by Dowling’s failure to perform any duties. Rather, their damages were caused by the Curtises in breaching their contract with the plaintiffs.
Dowling claimed that the plaintiffs did not allege any facts under which they would have avoided being damaged if Dowling had reviewed the contract between the plaintiffs and the Curtises or provided a purchase agreement form. Dowling asserted that it had no duty to reappraise the | ^property and did not have a duty to advise the plaintiffs not to move out of their house prior to finalizing the sale.
On November 30, 2011, the trial court entered a judgment sustaining Dowling’s exception of no cause of action. Dowling was dismissed from the suit with prejudice. In reasons for judgment, the trial court noted that the plaintiffs alleged that Dowling failed to review the purchase offer, failed to discuss financing alternatives, failed to work successfully to close the sale, and failed to assist in reappraising the property or supplementing the appraisal. The plaintiffs also claimed that Dowling failed to represent the unrepresented buyers and failed to provide a purchase agreement under La. R.S. 37:1449.1.
In its reasons for judgment, the trial court mentioned the plaintiffs’ argument that Dowling had a duty to advise them not to move out of their house until the Curtises’ loan had gone through. The court found that the plaintiffs failed to allege sufficient facts to satisfy the causation element of their claims against Dowl-ing. According to the trial court, the allegations against Dowling are based upon pure speculation that had Dowling assisted with the sale and financing, the buyers, *73 who had no contractual relationship with Dowling, would not have breached their contract. The court stated that pleadings which establish only possibility, speculation, or unsupported probability do not suffice to establish a cause of action. The plaintiffs appealed.
|fiNO CAUSE OF ACTION
The plaintiffs argue that the trial court erred in sustaining the exception of no cause of action in favor of Dowling and dismissing the plaintiffs’ claims against the company. This argument has merit.
Legal Principles
A peremptory exception of no cause of action questions whether the law extends a remedy to anyone under the factual allegations of the petition. Birdsong v. Hirsch Memorial Coliseum, 42,316 (La.App.2d Cir.8/22/07), 963 So.2d 1095. The purpose of the peremptory exception of no cause of action is to determine the sufficiency in law of the petition. The burden of showing that the plaintiff has stated no cause of action is upon the ex-ceptor. The public policy behind the burden is to afford the party his day in court to present his evidence. City of New Orleans v. Board of Directors of Louisiana State Museum, 1998-1170 (La.3/2/99), 739 So.2d 748; In re Succession of Carroll, 46,327 (La.App.2d Cir.7/20/11), 72 So.3d 384, writ not considered, 2011-1844 (La.11/4/11), 75 So.3d 912. For the purpose of determining the exception, the well-pleaded facts in the petition and any annexed documents are accepted as true. Hood v. Will Transport, 40, 168 (La.App.2d Cir.12/7/05), 917 So.2d 648; Short v. Short, 40, 136 (La.App.2d Cir.9/23/05), 912 So.2d 82, writ denied, 2005-2320 (La.3/10/06), 925 So.2d 519; Mount Mariah Baptist Church, Inc. v. Parnell’s Associated Electric, Inc., 36, 361 (La.App.2d Cir.12/20/02), 835 So.2d 880, writ denied, 2003-0555 (La.5/2/03), 842 So.2d 1101. All reasonable inferences are made in favor of the non-moving party in determining whether 17the law affords any remedy to the plaintiff. City of New Orleans v. Board of Directors of Louisiana State Museum, supra; In re Succession of Carroll, supra.
A court of appeal reviews de novo a lower court’s ruling sustaining an exception of no cause of action because the exception raises a question of law and because the lower court’s decision is generally based only on the sufficiency of the petition. The question is whether, in the light most favorable to the plaintiff, the petition states any valid cause of action for relief. City of New Orleans v. Board of Directors of Louisiana State Museum, supra; In re Succession of Carroll, supra.
An exception of no cause of action is sustained only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. If the petition states a cause of action on any ground or portion of the demand, the exception should be overruled. Every reasonable interpretation must be accorded the language used in the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. Birdsong v. Hirsch Memorial Coliseum, supra.
Generally, under La. C.C.P. art. 931, parties may not introduce evidence to support or controvert the exception. An exception of no cause of action is likely to be granted only in the unusual case in which the plaintiff includes allegations that show on the face of the petition that there is some insurmountable bar to relief. Thus, dismissal is justified only when the allegations of the petition itself clearly show that the plaintiff does not | shave a cause of action, or when its allega *74 tions show the existence of an affirmative defense that appears clearly on the face of the pleadings. A court appropriately sustains the peremptory exception of no cause of action only when, conceding the correctness of the well-pleaded facts, the plaintiff has not stated a claim for which he can receive legal remedy under the applicable substantive law. City of New Orleans v. Board of Directors of Louisiana State Museum, supra; In re Succession of Carroll, supra.
A real estate broker is a professional who holds himself out as trained and experienced to render a specialized service in real estate transactions. The broker stands in a fiduciary relationship to his client and is bound to exercise reasonable care, skill, and diligence in the performance of his duties. Treś Chic in a Week L.L.C. v. Home Realty Store, 2007-1373 (La.App. 1st Cir.7/17/08), 993 So.2d 228. The duties of a real estate licensee representing clients are set forth in La. R.S. 9:3893, which specifies in pertinent part:
A.A licensee representing a client shall:
(1) Perform the terms of the brokerage agreement between a broker and the client.
(2) Promote the best interests of the client by:
(a) Seeking a transaction at the price and terms stated in the brokerage agreement or at a price and upon terms otherwise acceptable to the client.
(b) Timely presenting all offers to and from the client, unless the client has waived this duty.
(c) Timely accounting for all money and property received in which the client has, may have, or should have had an interest.
|fl(3) Exercise reasonable skill and care in the performance of brokerage services.
B. A licensee representing a client does not breach a duty or obligation to the client by showing alternative properties to prospective buyers or tenants or by showing properties in which the client is interested to other prospective buyers or tenants.
C. A licensee representing a buyer or tenant client does not breach a duty or obligation to that client by working on the basis that the licensee shall receive a higher fee or compensation based on a higher selling price.
D. A licensee shall not be liable to a client for providing false information to the client if the false information was provided to the licensee by a customer unless the licensee knew or should have known the information was false.
E. Nothing in this Section shall be construed as changing a licensee’s legal duty as to negligent or fraudulent misrepresentation of material information ....
Ultimately, the precise duties of a real estate broker must be determined by an examination of the nature of the task the real estate broker undertakes to perform and by the agreements the broker makes with the involved parties. Treś Chic in a Week L.L.C. v. Home Realty Store, supra; Hughes v. Goodreau, 2001-2107 (La.App. 1st Cir.12/31/01), 836 So.2d 649, writ denied, 2003-0232 (La.4/21/03), 841 So.2d 793; Latter & Blum, Inc. v. Richmond, 388 So.2d 368 (La.1980); Cousins v. Realty Ventures, Inc., 01-1223 (La. App. 5th Cir.1/14/03), 844 So.2d 860, writs denied, 2003-1583, 2003-1584 (La.10/3/03), 855 So.2d 316, 317. A real estate broker has a fiduciary duty to his client, and a breach of that duty is actionable under La. *75 C.C. art. 2315. Treś Chic in a Week L.L.C. v. Home Realty Store, supra.
|inWhether a legal duty is owed by one party to another depends upon the facts and circumstances of the case and the relationship of the parties. Duty constitutes a question of law. Terrell v. Wallace, 98-2595 (La.App. 1st Cir.12/28/99), 747 So.2d 748, writ denied, 2000-0297 (La.3/24/00), 758 So.2d 158. The initial inquiry is whether, as a matter of law, a duty is owed to this particular plaintiff to protect him from this particular harm. See Treś Chic in a Week L.L.C. v. Home Realty Store, supra.
DISCUSSION
Under La. R.S. 9:3893, a real estate licensee has a duty to exercise reasonable skill and care in the performance of brokerage services. As set forth above, La. 37:1449.1 provides that a licensee representing either the buyer or the seller of residential property shall complete the purchase agreement form prescribed by the Louisiana Real Estate Commission in making an offer to purchase or sell residential real property. The plaintiffs have pled that Dowling breached its duty to the plaintiffs in several ways. They claim that Dowling breached its duty to professionally represent the plaintiffs, failed to negotiate the sale, failed to produce a contract that was approved by the Louisiana Real Estate Commission, failed to review all purchase offers, failed to follow up on remaining details of the sale, failed to discuss financing alternatives appropriate for the property, and failed to work to successfully close the sale. The plaintiffs maintain that they alleged that it is customary for a real estate broker to represent an unrepresented buyer. According to the plaintiffs, the main breaches occurred when Dowling failed to complete a purchase agreement form between the Rangels |nand the Curtises and in failing to tell the Rangels not to move out of the house before the Curtises were approved for their loan. The plaintiffs claim that they would not have moved if Dowling had told them this.
In this matter, accepting the facts in the petition and annexed documents as true, making all reasonable inferences in favor of the plaintiffs, and not examining any evidence to support or controvert the exception, we find that the plaintiffs did state a cause of action against Dowling and the trial court erred in ruling otherwise. While we find that the plaintiffs have articulated a cause of action, we also note that, on a motion for summary judgment or at trial, either party may present expert testimony concerning the duty, or lack thereof, of a real estate agent or broker to his contracted seller, as well as developing the facts, communications, and circumstances to show the breach of any duty owed to the plaintiffs and whether damages resulted from the breach. Accordingly, we find that the trial court erred in sustaining the exception of no cause of action in this case.
CONCLUSION
We reverse the trial court decision sustaining the exception of no cause of action filed by the defendant, J. Wesley Dowling and Associates, Inc. The exception of no cause of action is overruled and the matter is remanded to the trial court for further proceedings. Costs in this court are assessed to Dowling.
REVERSED; REMANDED FOR FURTHER PROCEEDINGS.

. The plaintiffs originally hired Bryce -Denny as their lawyer to represent them in this matter, but later hired new counsel. The plaintiffs included Mr. Denny as a defendant in this suit. However, no claims regarding him are at issue in the present matter and are not discussed herein.

. La. R.S. 37:1449.1 provides in pertinent part:
A. A licensee representing either the buyer or seller of residential real property shall complete the purchase agreement form prescribed by the Louisiana Real Estate Commission in making an offer to purchase or sell residential real property. No person shall alter the purchase agreement form; however, addendums or amendments to the purchase agreement form may be utilized.