GARRETT, J.
| ;The plaintiff, Patricia Villareal, appealed from a trial court judgment which granted an exception of no cause of action in favor of defendant Burnis Avin Lasiter, Jr. We reverse and remand.
FACTS
On June 6, 2011, the plaintiff filed an ordinary lawsuit consisting of five numbered paragraphs against 6494 Homes, LLC (hereinafter “the LLC”), entitled “Petition on Promissory Note and for Recognition of Security Interest.” The suit alleged that the plaintiff was the holder of a promissory note executed by the LLC on May 25, 2010. The note was in the amount of $390,000, payable in 39 installments of $10,000, with the first installment due on May 31, 2010, and a final payment of the interest on the entire amount due on or before August 31, 2013. The plaintiff alleged that the balance owed was $343,724.56 as of August 1, 2010. She claimed that the defendant was in default and that the entire debt was due. The note was secured by a multiple indebtedness mortgage recorded in Bossier Parish that listed numerous pieces of property. The suit sought a money judgment against the defendant and recognition of security rights pursuant to the mortgage. The *1248 original note and a certified copy of the mortgage were attached to the petition. These documents were signed by Mr. Lasi-ter in his capacity as manager of the LLC. A general denial answer was filed by the LLC.
On January 24, 2012, the plaintiff filed an amended and restated petition consisting of 32 numbered paragraphs. This petition added Mr. Lasiter as a defendant along with the LLC. This petition asserted that the 12plaintiff and Mr. Lasiter entered into a partnership for the purposes of building and remodeling houses for resale and profit. The petition alleged a series of transactions between the plaintiff and Mr. Lasiter and/or the LLC. The petition also asserted the execution of two additional notes and another mortgage by the LLC. The plaintiff further claimed that, due to other mortgages placed on some properties without her knowledge, she did not receive the amount of profits to which she was entitled. She further alleged that all three notes were in default and that the two named defendants owed her, in solido, the amounts of $327,250.82 on Note 1, $265,691.04 on Note 2, and $87,000 on Note 3, plus interest, attorney fees and costs. She also requested recognition of her security rights pursuant to the recorded mortgages. The two original promissory notes were attached to the amended and restated petition, together with a copy of the other mortgage. All of these documents were signed by Mr. Lasiter as manager of the LLC.
In the amended and restated petition, the plaintiff couched some of her allegations against Mr. Lasiter in terms of “La-siter, through 6494 Homes,” “Lasiter and 6494 Homes” or “Lasiter ... in the name of 6494 Homes.” However, she also made specific allegations pertaining to Mr. Lasi-ter as an individual and described a time line of events that spanned a period commencing well before the date of the May 25, 2010, note at issue in the original suit. The allegations include:
[[Image here]]
1«2-
Lasiter is the sole member of 6494 Homes.
3.
Petitioner and Lasiter entered into a partnership for the purpose of building and remodeling houses for resale and profit.
4.
Petitioner provided $87,000.00 to Lasiter for the purpose of buying a lot located at Lot 4, Stonebridge....
[[Image here]]
8.
Petitioner and Lasiter agreed that upon the sale of Longfellow Trace, petitioner would be reimbursed the $490,000.00 she advanced and the remainder would be divided between them as shared profits.
[[Image here]]
17.
Petitioner and Lasiter agreed that upon the sale of 224 Macey Lane, petitioner would be reimbursed the $350,000.00 she advanced and the remainder would be divided between them as shared profits.
[[Image here]]
20.
To evidence the balance due of the $390,000.00 advanced to Lasiter on the Longfellow Trace project, 6494 Homes executed a Promissory Note....
[[Image here]]
22.
To evidence the $350,000.00 advanced by petitioner to Lasiter on the 224 Macey Lane project, 6494 Homes executed a Promissory Note....
[[Image here]]
32. *1249 Lasiter breached his agreement and fiduciary duty as partner of petitioner on the Longfellow Lane [sic] project and Macey Lane project by failing to reimburse petitioner for the funds advanced and divide the profits as agreed.
As previously noted, the prayer for relief in the amended and restated petition sought judgment against both named defendants, in solido, as to the sums owed on the promissory notes and against the LCC for recognition of the mortgages. The prayer also included the following additional requests:
FURTHER PRAYS for judgment in favor of petitioner and against Lasiter for petitioner’s share of the profits from the Longfellow Trace project and the 224 Macey Lane project.
FURTHER PRAYS for all such additional, general and equitable relief as may be necessary and proper in the premises.
An answer to the amended and restated petition was filed by the LLC. Although the answer was not filed on Mr. Lasiter’s behalf, the last paragraph of the answer recited: “Further answering, Lasiter, in his individual capacity was not a party to any agreement, mortgage, deed, or alleged partnership.”
Mr. Lasiter, represented by the same counsel representing the LLC, responded to the amended and restated petition by filing an exception of no cause of action. The exception urged* that because Mr. La-siter signed the promissory notes at issue only in his representative capacity as manager of the LLC, he should be dismissed from the proceedings. The basis of the exception was that Mr. Lasiter could not have any personal liability as the manager of the LLC.
|SA written opinion/order was rendered August 28, 2012, granting the exception. The opinion recited, in pertinent part:
Plaintiff argues that she and Mr. Lasiter entered into an agreement as partners and that because of this “partnership agreement,” plaintiff is also maintaining a claim for the breach of the partnership agreement.
The Court has reviewed the statutory law relating to limited liability corporations and partnerships. Additionally, the Court has reviewed the jurisprudence as it relates to determining whether or not a partnership exists. This Court is aware that while there is guidance as it relates to determining whether a partnership/joint venture has been formed, and that different Courts seem to have utilized varying tests to analyze the fact patterns of each particular case.
After reviewing this ease, the Court definitely feels that plaintiff has a cause of action against 6494 Homes, LLC regarding the promissory note. Thereafter, the Court considered whether or not a partnership existed and the question would be between whom? Patricia Vil-lareal and 6494 Homes, LLC or Patricia Villareal and Burnis Lasiter? While plaintiff may have believed she was in partnership with Mr. Lasiter, the individual, all of the documentation serves to indicate the plaintiff contracted with Mr. Lasiter as the manager of 6494 Homes, LLC. Accordingly, this Court finds that the Peremptory Exception of No Cause of Action is well-founded.
Consequently, Mr. Lasiter was dismissed from the litigation. The plaintiff filed the instant appeal.
LEGAL PRINCIPLES
A peremptory exception of no cause of action questions whether the law *1250 extends a remedy to anyone under the factual allegations of the petition. Rangel v. Denny, 47,381 (La.App.2d Cir.8/8/12), 104 So.3d 68. The purpose of the peremptory exception of no cause of action is to determine the sufficiency in law of the petition. The burden of showing that the plaintiff has stated no cause of action is upon the exceptor. The public | f,policy behind the burden is to afford the party his day in court to present his evidence. City of New Orleans v. Board of Directors of La. State Museum, 98-1170 (La.3/2/99), 739 So.2d 748; In re Succession of Carroll, 46,327 (La.App.2d Cir.7/20/11), 72 So.3d 384, writ not considered, 2011-1844 (La.11/4/11), 75 So.3d 912.
The exception is triable on the face of the petition and, for the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition and any annexed documents must be accepted as true. Short v. Short, 40,136 (La.App.2d Cir.9/23/05), 912 So.2d 82, writ denied, 2005-2320 (La.3/10/06), 925 So.2d 519.
All reasonable inferences are made in favor of the nonmoving party in determining whether the law affords any remedy to the plaintiff. City of New Orleans v. Board of Directors of La. State Museum, supra; Rangel v. Denny, supra. Generally, no evidence may be introduced to support or controvert the exception. However, a jurisprudentially recognized exception to this rule allows the court to consider evidence that is admitted without objection to enlarge the pleadings. Short v. Short, supra.
Generally, an exception of no cause of action must be overruled unless the allegations in the petition exclude every reasonable hypothesis other than the premise on which the defense is based, i.e., unless the plaintiff has no cause of action under any evidence admissible under the pleadings. Steed v. St. Paul’s United Methodist Church, 31,521 & 31,522 (La.App.2d Cir.2/24/99), 728 So.2d 931, writ denied, 99-0877 (La.5/7/99), 740 So.2d 1290. [Emphasis in original.]
|7A court of appeal reviews de novo a lower court’s ruling sustaining an exception of no cause of action because the exception raises a question of law and because the lower court’s decision is generally based only on the sufficiency of the petition. The question is whether, in the light most favorable to the plaintiff, the petition states any valid cause of action for relief. City of New Orleans v. Board of Directors of La. State Museum, supra; In re Succession of Carroll, supra.
An exception of no cause of action is sustained only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. If the petition states a cause of action on any ground or portion of the demand, the exception should be overruled. Every reasonable interpretation must be accorded the language used in the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. Rangel v. Denny, supra.
There are no hard and fast rules in making the determination of whether a partnership exists and each case must be considered on its own facts. Tedeton v. Tedeton, 46,901 (La.App.2d Cir.2/8/12), 87 So.3d 914; Harris v. Wallette, 538 So.2d 728 (La.App. 2d Cir.1989).
A partner owes a fiduciary duty to the partnership and to his partners. He may not conduct any activity, for himself or on behalf of a third person, that is contrary to his fiduciary duty and is prejudicial to the partnership. If he does so, he must account to the partnership and to his part *1251 ners for the resulting profits. La. C.C. art. 2809. This fundamental rule that the ^relationship of partners is fiduciary and imposes on them the obligation of the utmost good faith, fairness, loyalty and integrity in their dealings with one another with respect to partnership affairs is universally recognized in modern cases. Barksdale v. Lincoln Builders, Inc., 32,857 (La.App.2d Cir.6/21/00), 764 So.2d 228, writ denied, 2000-2646 (La.2/9/01), 785 So.2d 821.
DISCUSSION
The plaintiff alleged that she and Mr. Lasiter, acting in his individual capacity, were involved in a partnership and that he breached the fiduciary duty he owed to her as a partner. While the attachments to the petitions demonstrate that the LLC executed the promissory notes and mortgages and the allegations of the amended and restated petition also assert actions by Mr. Lasiter acting on behalf of the LLC, this does not necessarily preclude the plaintiff’s contention that she and Mr. La-siter also had a partnership agreement between them as individuals. The amended and restated petition describes a course of conduct that occurred over a lengthy period of time and a complicated financial relationship between the plaintiff and Mr. Lasiter which involved many different houses and projects.
In ruling upon an exception of no cause of action, we are obliged to accept the allegations of the petitions as true and to conduct a de novo review of the matter. After carefully reviewing the contents of the amended and restated petition in the light most favorable to the plaintiff, we find that it does, in fact, state a valid cause of action against Mr. Lasiter as an individual for the breach of a partnership agreement and its attendant | ¡¡fiduciary duty. We note, of course, that evidence subsequently developed through discovery and/or proven at trial may show otherwise. However, at this stage of the proceedings, we are precluded from adjudging the merits of the plaintiffs claims. We are thus obliged to find that the trial court’s ruling on Mr. Lasiter’s exception of no cause of action was in error.
Accordingly, we reverse the trial court judgment which granted the exception of no cause of action and dismissed Mr. Lasi-ter from the suit.
CONCLUSION '
The judgment of the trial court granting Mr. Lasiter’s exception of no cause of action is reversed. The matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed to appel-lee/defendant Burnis Alvin Lasiter, Jr.
REVERSED AND REMANDED.