CARAWAY, J.
bln a prior lawsuit, the plaintiff obtained a favorable wage judgment against his former employer, which included an award of attorney fees. During the pendency of a devolutive appeal, the plaintiff was granted an order allowing him to withdraw funds on deposit in the registry of the court in full payment of the judgment. After the judgment was reduced in part on appeal, the plaintiff filed a motion seeking a determination of the amount due under the judgment. The former employer filed a reconventional demand seeking recovery of the amount paid in excess of the final judgment against the former employee and his attorney, in solido. After the trial court granted the attorney’s exception of no cause of action, this appeal by the former employer ensued. We affirm.

Facts

The underlying action from which the present dispute arises was addressed by this court in Stegall v. Orr Motors of Little Rock, Inc., 48,241 (La.App.2d Cir.6/26/13), 121 So.3d 684, writs denied, 13-2106, 13-2107 (La.11/22/13), 126 So.3d 486, 13-2402 (La.11/22/13), 126 So.3d 493. (hereinafter “Stegall /”). In that action, Jeffrey Ste-gall obtained a judgment against his former employer, Orr Motors of Little Rock, Inc. d/b/a/ Sparks Nissan, Kia Real Estate, L.L.C. (hereinafter “Orr”), for back wages of $30,000, penalty wages totaling $25,439 and attorney fees of $15,000.[1] On | ?appeal, penalty wages were reduced to $10,226.70 and the attorney fees to $10,861.21.[2]
During the pendency of the appeal in Stegall I, Stegall obtained a ruling in the trial court dismissing Orr’s suspensive appeal and converting it to a devolutive appeal. Orr had attempted to secure a sus-pensive appeal by depositing the full judgment sum of $77,347.33 into the registry of the Monroe City Court. Prior to our ruling in Stegall I, on December 18, 2012, Stegall obtained an order directing *266 the Clerk of Monroe City Court to “pay unto Plaintiff, Jeffrey K. Stegall, through his attorney of record, said funds on deposit in the Registry of the Court.” On December 20, 1012, a check made payable to the order of “Atty. Anthony Bruseato” in the amount of $77,347.33 was issued from the Monroe City Court judicial fund.
On November 26, 2013, Stegall filed a motion seeking a determination of the total amount due on the judgment after this court’s modification on appeal. On February 14, 2014, Orr filed a reconventional demand against Stegall and his attorney of record, Anthony Bruseato, seeking judicial return of the overpayment on the original judgment removed from the registry of the court. The asserted basis of recovery of those amounts was “as a payment of a thing not due and a windfall.” Orr sought a judgment against both Stegall and Brus-cato, in solido, in the amount of $20,447.94, plus costs and interest from the date of withdrawal of the funds from the court’s registry.
| .-¡Attorney Bruseato filed a Peremptory Exception of No Cause of Action on February 14, 2014, arguing that Orr’s claim against him had “no factual or legal basis for liability of an attorney representing his client at every step in the proceedings.”
On April 11, 2014, Orr filed a Motion for Summary Judgment seeking judgment against Stegall and Bruseato on the grounds of return of a thing not due and unjust enrichment. At the hearing on both the exception of no cause of action and summary judgment motion, all parties admitted that an overpayment of the judgment occurred, although each side disputed the amount owed in repayment. In argument, Orr conceded that it did not know if Bruseato kept any of the funds disbursed to his client from the court registry.
On May 30, 2014, the trial court granted Orr’s Motion for Summary Judgment against Stegall in the amount of $19,712.33. The trial court granted Bruscato’s exception of no cause of action.
Orr has appealed the court’s denial of the motion for summary judgment against Bruseato and the granting of the exception of no cause of action, arguing that it is entitled to a judgment as a matter of law against Bruseato. Orr also contends that the trial court erred in granting Bruscato’s exception of no cause of action based upon jurisprudence and the fact that the funds withdrawn (which included amounts representing attorney fees) from the registry of the court were made payable solely to Bruseato. Orr contends that the reduction of those attorney fees on appeal in Stegall I further supports a cause of action.
| Juaw
A peremptory exception of no cause of action questions whether the law extends a remedy to anyone under the factual allegations of the petition. Rangel v. Denny, 47,381 (La.App.2d Cir.8/8/12), 104 So.3d 68. The purpose of the peremptory exception of no cause of action is to determine the sufficiency in law of the petition. City of New Orleans v. Board of Directors of Louisiana State Museum, 98-1170 (La.3/2/99), 739 So.2d 748; Villareal v. 6494 Homes, LLC, 48,302 (La.App.2d Cir.8/7/13), 121 So.3d 1246.
A court of appeal reviews a lower court’s ruling sustaining an exception of no cause of action de novo because the exception raises a question of law and the lower court’s decision is generally based only on the sufficiency of the petition. The question is whether, in the light most favorable to the plaintiff, the petition states any valid cause of action for relief. Id.
A final judgment is conclusive between the parties except on direct review. Tolis v. Board of Sup’rs of Louisiana State University, 95-1529 (La.10/16/95), *267 660 So.2d 1206. Nevertheless, a judgment creditor may proceed with the execution of a judgment after the delay for a suspen-sive appeal therefrom has elapsed. La. C.C.P. art. 2252, Official Revision Comment (d).
A person who has received a payment or a thing not owed to him is bound to restore it to the person from whom he received it. La. C.C. art. 2299. Funds paid in satisfaction of a judgment on appeal which is | ^subsequently reversed must be refunded as receipt of a payment not owed under Civil Code Article 2299. Goo-tee Const. Inc. v. Amwest Sur. Ins. Co., 03-0144 (La.10/10/03), 856 So.2d 1203. Implicit in the rules that authorize the execution on a judgment appealed devolu-tively is the obligation of the judgment creditor to return voluntary payments made by a judgment debtor in the event the judgment is reversed or modified. Gootee, supra, citing Orgeron v. Security Indus. Funeral Homes, Inc., 96-2127 (La.App. 4th Cir.2/26/97), 690 So.2d 243.
A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term “without cause” is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule. La. C.C. art. 2298.

Discussion

The statutory attorney fees awarded in Stegall I are provided under La. R.S. 23:632(C) as follows in relevant part:
Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer.
From our review of Stegall I, the trial court’s fixing of the statutory attorney fee award, as modified by this court, was not directly determined by the actual corn-pensation for attorney fees which Bruscato earned from his client. The attorney-client fee arrangement is their contract, and a court’s statutory award of a reasonable attorney fee need not be the same as [gthe contractual amount. See, e.g. Blanchard v. Bergeron, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989); Dowles v. ConAgra, Inc., 44,772 (La.App.2d Cir.10/28/09), 25 So.3d 889. As noted in the legal commentary, the conclusion is warranted that the awarded attorney fee belongs to the litigant and not to his attorney because the attorney-client relation is based on the contract of mandate which makes the client liable for the reasonable compensation of the attorney, regardless of whether the client may recover the whole or part of that compensation from the other party by way of damages, or costs, or even penalty. 2 Saul Litvinoff, The Law of Obligations § 12.28, at 368-369, in 6 Louisiana Civil Law Treatise (1999).
With this understanding of the obligation imposed upon a judgment debtor for statutory attorney fees, the entire payment of $77,347.33 from the court’s registry was for the judicially recognized obligation owed by Orr, as judgment debtor, to Stegall, as judgment creditor. As the order of the court recognized, the payment was to Stegall made “through his attorney of record” as agent. This payment, which was subject to the special contingency of the pending appeal, was not a payment by Orr to Bruscato, individually, for any contractual attorney fee owed by Stegall.
In Gootee, supra, the Supreme Court observed that during the pendency of a devolutive appeal, the defendant’s payment can be required by the plaintiff/judgment creditor pursuant to a valid judgment. However, once that judgment is reversed on appeal, the basis for &e payment ceases to exist. Id. 856 So.2d 1207. The court *268 therefore recognized under the principle of La. C.C. art. 2299 the judgment creditor’s obligation to restore |7and make whole the party who was successful on appeal for the amount of the judgment set aside.
In this case, the trial court properly recognized that the payment of the $77,347.33 to Stegall resulted ultimately in a cause of action for a return of a portion of that payment under Article 2299 in accordance with Gootee. The trial court’s judgment for Stegall’s return of $19,712.33 is not disputed. However, since the $77,347.33 payment was not a payment to Bruscato, Orr has no cause of action against Bruscato for the payment of a thing not due.
Additionally, however,' Orr claims that Bruscato owes compensation under the principle of enrichment without cause addressed by Civil Code Article 2298. Revision Comment (b) for that article states that a person is enriched at the expense of another when his patrimonial assets increase. As we have determined that no payment was made to Bruscato by Orr’s payment as a judgment debtor, Bruscato was not enriched within the meaning of this provision. Moreover, even Stegall was not enriched without cause since he was allowed by law to execute upon the judgment pending the devolutive appeal. Finally,, since we have determined above that Orr has a remedy for its “impoverishment” against Stegall, the Article 2298 remedy of enrichment without cause is barred from application in this setting under its express provisions.
As a final matter, the jurisprudence relied upon by Orr predates the enactment of Article 2298 in 1995. In any event, we follow the result of this court’s ruling in Louisiana Health Service & Indem. Co. v. Cole, 418 So.2d 1357 (La.App. 2d Cir.1982). There, the court determined that any I/restitution” to the judgment debtor following a favorable ruling on appeal was recoverable only from the party plaintiff who received payment in satisfaction of the judgment and not his attorney. While the court did not expressly cite former Civil Code Article 2301, which is the source article for the present Article 2299, it followed the prior ruling in Great Am. Indem. Co. v. Dauzat, 157 So.2d 308 (La.App. 3d Cir.1963), which had applied that law for payment of a thing not due. Having identified the restoration remedy available to judgment debtors, neither this court nor the Third Circuit Court of Appeal in Dauzat found it necessary to consider the application of the principle of unjust enrichment for the claims against the attorneys in those cases. Our ruling, with the added light of Article 2298, is in accord with these prior decisions.

Conclusion

For the reasons stated, the judgment of the trial court sustaining Bruscato’s exception of no cause of action is affirmed. Costs of this appeal are assessed to Orr.
AFFIRMED.

. The trial court fixed the attorney fee award at approximately 27% of its award for actual and penalty wages.

. This court determined that the trial court’s calculation of penalty wages was excessive because the court utilized an erroneous daily wage rate. Due to the reduction in the penalty wages, this court also adjusted the award for attorney fees at 27% of the back wages and amended penalty wages.