CHAISSON, J.
In this case involving a rear-end automobile collision, Jared Guidry and Leigha Woods appeal the trial court's February 28, 2018 judgment sustaining an exception of no cause of action and dismissing State Farm Mutual Automobile Insurance Company ("State Farm") from this case. For the following reasons, we affirm the judgment of the trial court.
FACTS AND PROCEDURAL HISTORY
On February 7, 2017, Mr. Guidry and Ms. Woods filed a petition for damages against Ronald Chambers and State Farm alleging that they are liable, jointly and/or in solido , for an August 26, 2016 automobile accident caused by Mr. Chambers colliding with the rear-end of a vehicle driven by Ms. Woods.[1] As regarding State Farm, plaintiffs alleged:
Petitioner further shows that, at all times mentioned hereinabove, there was in full force and effect a policy of UM insurance issued by the Defendant, State Farm Mutual Automobile Insurance Company, under the terms and *945 conditions of which said insurer agreed to provide uninsured/underinsured motorist coverage to the Plaintiff; that the evidence in this case will reflect that there is no primary insurance in favor of Defendant sufficient to satisfy the amount of damages sued on herein; therefore, Defendant is an uninsured/underinsured motorist pursuant to the terms of the policy of insurance issued by Defendant and pursuant to the Law of Louisiana; and, therefore, State Farm Mutual Automobile Insurance Company is a proper party Defendant herein.
Plaintiffs made no other allegations against State Farm.[2]
In response to the petition, State Farm filed exceptions of prematurity and no cause of action in which it argued that plaintiffs had failed to present State Farm with a claim as required by the insurance agreement and that plaintiffs' petition failed to set forth any grievance against State Farm sounding in either tort or breach of contract. On June 20, 2017, following a hearing on the exceptions, the trial court rendered judgment denying the exception of prematurity, sustaining the exception of no cause of action, and ordering plaintiffs to amend their petition as allowed pursuant to La. C.C.P. art. 934 to allege the nature of their grievance with State Farm and to allege the particulars of their performance of their obligations under the insurance contract.
Plaintiffs amended their petition for damages with the addition of one sentence to the allegations against State Farm, as follows:
That on or about September 1, 2016, Plaintiffs notified State Farm Mutual Automobile Insurance Company of their injuries and UM claim, and have communicated verbally, through counsel, with representatives of State Farm Mutual Automobile Insurance Company regarding the facts of the accident and their injuries.
State Farm re-urged its exception of no cause of action arguing again that plaintiffs' amended petition fails to set forth a cognizable claim against State Farm.[3] On February 28, 2018, following a hearing on the exception, the trial court sustained State Farm's exception of no cause of action and dismissed plaintiffs' suit with prejudice.[4] It is from this judgment that plaintiffs now appeal.
DISCUSSION
The exception of no cause of action tests the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Khoobehi Props., LLC v. Baronne Dev. No. 2, L.L.C. , 16-506 (La. App. 5 Cir. 3/29/17), 216 So.3d 287, 297. The appellate court reviews a trial court's ruling sustaining an exception of no cause of action de novo because the exception raises a question of law and the court's decision is based solely on the sufficiency of the petition. Id. The peremptory exception of no cause of action is triable on the face of the pleadings, and, for purposes of resolving issues raised by the exception, the well-pleaded *946 facts in the petition must be accepted as true. Id. Because Louisiana uses a system of fact pleading, a plaintiff is not required to plead a theory of recovery in his petition; however, mere conclusions of the plaintiff unsupported by facts will not set forth a cause of action. Id.
On appeal, plaintiffs argue that the trial court committed legal error by sustaining State Farm's exception of no cause of action because their amended petition alleged the required elements to establish a UM cause of action and there is no requirement for them to plead facts pertaining to their cooperation with State Farm to maintain a cause of action against them. In support of their argument, the plaintiffs point to La. R.S. 22:1295(1)(a)(i) and the Louisiana Supreme Court's holding in Benoit v. Allstate Insurance Co. , 773 So.2d 702, 705 (La. 2000).
La. R.S. 22:1295(1)(a)(i) states in pertinent part:
No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle designed for use on public highways and required to be registered in this state or as provided in this Section unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover nonpunitive damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death resulting therefrom; however, the coverage required under this Section is not applicable when any insured named in the policy either rejects coverage, selects lower limits, or selects economic-only coverage, in the manner provided in Item (1)(a)(ii) of this Section.
This statute mandates that all policies of automobile insurance contain UM coverage unless specifically waived by the insured. Contrary to plaintiffs' assertion, it does not create a private, statutory right of action against the insurance company.
In effect, plaintiffs argue that they may sue the UM insurer as one would sue a tortfeasor's insurer under the Louisiana Direct Action Statute, La. R.S. 22:1269, which expressly grants an injured person a right of direct action against an insurer (alone or jointly with the insured tortfeasor).[5] However, the Louisiana Supreme Court has long held that the actions under the Uninsured Motorist Statute and the Direct Action Statute are not the same. In Booth v. Fireman's Fund Ins. Co. , 253 La. 521, 527-8, 218 So.2d 580 (1968), the Court stated:
[T]he intent of our uninsured motorist statute and the policy endorsement issued thereunder is to afford protection to the insured when they become the innocent victims of the negligence of uninsured motorists. The uninsured motorist provision closely resembles the policies of insurance which reimburse an insured for medical expenses or property damage resulting from an automobile accident. This action cannot be compared to that arising under our direct action statute by which suit may be *947 brought directly against the insurer (indemnifier) of the tort feasor [sic] without making the tort feasor [sic] a defendant. The uninsured motorist provision is not insurance or indemnification for the uninsured motorist, and the insurer does not stand in the shoes of the uninsured motorist who is the tort feasor [sic].[6] (Emphasis added.)
The UM insurer's obligation arises solely from the insuring agreement. Youngs v. Champagne , 348 So.2d 126 (La. App. 4 Cir. 1977), ("The liability of an uninsured motorist carrier is based solely on the contract of insurance between the carrier and its insured, and the insured is the only party possessing the right to make a claim under his uninsured motorist provision. To hold otherwise would have the effect of converting the uninsured motorist provision into liability insurance covering the uninsured motorist.") Accordingly, plaintiffs' action against the UM insurer must be based upon a breach of the insuring agreement.[7]
Plaintiffs also rely on the Louisiana Supreme Court's holding in Benoit v. Allstate Ins. Co. , supra , in support of their cause of action against State Farm. In Benoit , the Court considered a suit brought by an injured plaintiff against his UM insurer after the plaintiff had already executed a settlement releasing his claims against the tortfeasor and the tortfeasor's insurer.[8] However, the language in Benoit supports the finding that plaintiffs' cause of action against their UM insurer is based in contract: "we note that the plaintiff's cause of action against Allstate was based not only on the accident that gave rise to the plaintiff's claim against the tortfeasor and his liability insurer, but also on the essential additional fact that Allstate issued UM coverage to plaintiff and agreed to pay damages when the tortfeasor was uninsured or underinsured. " 773 So.2d at 708. (Emphasis added.)
Plaintiffs also argue that they may maintain the same cause of action against State Farm as their cause of action against Mr. Chambers because the UM insurer and tortfeasor are solidary obligors. See Bollinger v. Allstate Ins. Co. , 433 So.2d 411 (La. App. 4 Cir. 1983). However, the idea that the tortfeasor and UM insurer may be solidary obligors is not inconsistent with the understanding that an insured's cause of action against her UM carrier is based in breach of contract. As the Louisiana Supreme Court has stated, "[b]y the effect of law and the delivery or issuance for delivery of automobile liability insurance, both the uninsured motorist carrier and the tortfeasor are obliged to the same thing. The fact that the uninsured motorist carrier is bound by the combined effect of the tortfeasor's wrongful act, the uninsured motorist statute, and the carrier's delivery or issuance for delivery of automobile liability insurance, while the tortfeasor is obliged merely because of *948 his delict, does not prevent them from being obliged to the same thing. An obligation may be in solido , requiring that obligors be obliged to the same thing, even though the obligations of the obligors arise from separate acts or by different reasons." Johnson v. Fireman's Fund Ins. Co. , 425 So.2d 224, 227-8 (La. 1982) (citing Hoefly v. Gov't Emps. Ins. Co. , 418 So.2d 575 (La. 1982) ).
Plaintiffs are correct in stating that there is no statutory requirement that an insured under a UM policy must first present a claim to his carrier before filing suit against that carrier. This is because an insured's rights against his UM carrier arise from the insurance policy. An insurance policy is a contract and, as with all other contracts, it constitutes the law between the parties. S. Cent. Bell Tel. Co. v. Ka-Jon Food Stores , 93-2926 (La. 5/24/94), 644 So.2d 357, 360 ; Le Blanc v. Davis , 254 La. 439, 444, 223 So.2d 862 (1969). Therefore, in order to state a cause of action against his UM carrier, an insured must allege in his petition that his UM carrier has somehow breached the insuring agreement.
In this case, plaintiffs did not allege in their petition that State Farm has denied their claims or has in any other way failed to fulfill its obligations under the insuring agreement. Consequently, upon our de novo review, after examining the petition, we find that plaintiffs have failed to allege facts sufficient to state a cause of action against State Farm for breach of their UM insuring agreement. Accordingly, and with the understanding that plaintiffs have already been provided with an opportunity to amend their petition as required under La. C.C.P. art. 934, we affirm the judgment of the trial court sustaining State Farm's exception of no cause of action.
CONCLUSION
Having found that plaintiffs have failed to allege facts sufficient to state a cause of action against State Farm, the judgment of the trial court is affirmed.
AFFIRMED
JOHNSON, J., DISSENTS WITH REASONS
I respectfully dissent. As recognized by the majority, Louisiana is a fact pleading state. "[A]n exception of no cause of action must be overruled unless the allegations in the petition exclude every reasonable hypothesis other than the premise on which the defense is based, i.e., unless the plaintiff has no cause of action under any evidence admissible under the pleadings." [Emphasis in original.] Villareal v. 6494 Homes, LLC , 48,302 (La. App. 2 Cir. 8/7/13), 121 So.3d 1246, 1250. An exception of no cause of action should be sustained only when it appears beyond doubt that the plaintiff cannot prove any set of facts in support of any claim which would entitle him to relief. Id.
Here, Plaintiffs alleged they were injured as the result of an automobile accident. They alleged there was a UM policy in effect at the time of the accident wherein State Farm, as the UM insurer, agreed to provide UM coverage to Plaintiff.[1] Plaintiffs further alleged that Defendant, Ronald Chambers, is an uninsured motorist and, therefore, there is no primary insurance available to satisfy the damages sued upon. Under the facts alleged in the petition, there was an accident, there were damages, the tortfeasor was uninsured, and the tort victim had UM coverage. In *949 my opinion, under these facts, a cause of action has been stated - there is a remedy under the law for recovery of damages by an insured with UM coverage who has been injured in an accident with an uninsured tortfeasor.
I find that the arguments of State Farm in support of its exception of no cause of action - namely that Plaintiffs have failed to comply with their contractual obligations under the terms of the policy and, thus, the provisions for coverage under the UM policy have not been triggered - are only defenses to the suit and do not demonstrate the failure of Plaintiffs to state a cause of action. See Wonycott v. Wonycott , 579 So.2d 506, 508 (La. App. 4th Cir. 1991) ("Contrary factual assertions are considered defenses which must be tried on the merits."). Critical to State Farm's arguments is the reference to the contract providing UM coverage which sets forth each party's obligations - an issue which necessarily go to the merits of whether Plaintiffs are owed any damages under the terms of the UM policy.
Courts should construe pleadings so as to achieve substantial justice in order to reach the truth and should avoid the application of harsh, technical rules of pleading. Gereighty v. Domingue , 17-339 (La. App. 5 Cir. 5/30/18), 249 So.3d 1016, 1032. In my opinion, Plaintiffs have stated a cause of action. The petition alleges that a contract provides coverage for damages caused by an underlying tort. Reasons why State Farm as the UM carrier may not be liable go directly to its defenses to the lawsuit and not to whether a cause of action has been stated. Therefore, I would reverse the ruling of the trial court and overrule State Farm's exception of no cause of action.

According to the petition, Mr. Guidry was a passenger in the car being driven by Ms. Woods at the time of the accident.

The petition fails to state to whom the State Farm insurance policy was issued.

This was done by filing a Memorandum in Support of Exception of No Cause of Action and a Motion to Set the Exception of No Cause of Action, rather than refiling the exception.

While the judgment purports to dismiss the suit with prejudice, we note that the plaintiffs' tort claims against Mr. Chambers, which were not included in State Farm's exception of no cause of action, are still outstanding. The February 28, 2018 judgment is a partial final judgment appealable under La. C.C.P. art. 1915(A)(1).

La. R.S. 22:1269(B)(1) states, "[t]he injured person ... shall have a right of direct action against the insurer within the terms and limits of the policy; and, such an action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido ..."

See also Kellis v. Farber , 523 So.2d 843, 848 (La. 1988), ("[A]n action by an insured based on his own uninsured motorist policy cannot be compared to that arising under the direct action statute which gives the victim of tortious conduct of an insured the right to proceed directly against the insurer of the tortfeasor").

As previously noted, it is unclear from the face of the petition to whom State Farm issued the insurance policy. If Mr. Guidry, the car's passenger, is not an insured party as defined by the policy, it is possible that he has no right of action against State Farm. Further analysis of this is pretermitted by our discussion below.

Because of the procedural posture of the case, which did not involve an exception of no cause of action, but rather a matter of statutory interpretation, the precise allegations of the plaintiff's petition against Allstate are unclear.

As pointed out by the majority, it is unclear to whom the UM policy was allegedly issued - Ms. Woods or Mr. Guidry.