STEPHENS, J.
Sandra B. Blanche appeals a judgment by the Monroe City Court, Parish of Ouachita, State of Louisiana, granting the exception of no cause of action filed by the defendant, Billy Varner in his capacity as director of the DeSiard Street Homeless Shelter. Sandra Blanche, appearing in proper person, appeals the trial court's judgment, which we affirm for the following reasons.
DISCUSSION
Blanche filed suit against Billy Varner in his capacity as the shelter director of the DeSiard Street Homeless Shelter. In her sole allegation against Varner, Blanche claimed she was turned away from the shelter on Friday, June 8, 2018. According to Blanche, a homeless female, she had no place to stay for shelter. Blanche alleged she was given no reason as to why she was not allowed to stay at this homeless shelter, but she was assigned work duty. In *622 her petition, Blanche sought damages in the amount of $ 5,000.00.
In response, Varner filed an exception of no cause of action, arguing Blanche failed to state a cause of action which would afford her a remedy by law or contract. Varner claimed the DeSiard Street Homeless Shelter is a privately run, charitable nonprofit entity. In his exception, he noted that the shelter's services are generally available to persons in need, but that the shelter is not obligated to provide such services. Moreover, according to Varner, he had prior experience with Blanche and reasonable grounds to refuse her admittance into the shelter overnight.
At the hearing on the exception, Varner explained why he denied Blanche overnight accommodations at the shelter. The trial court noted that those reasons did not have "a whole lot to do with what the exception is," but hoped it would answer Blanche's question about why she had been denied shelter. Ultimately finding that Blanche had failed to assert a cause of action against Varner, a judgment was rendered granting the exception. This appeal by Blanche ensued.
LEGAL PRINCIPLES
On appeal, Blanche generally argues that the trial court erred in granting Varner's exception, specifically maintaining that the trial court did not allow her to present documents in support of her claims. She argues that Varner denied her shelter due to personal reasons, but provides no legal or contractual support for her position.
Provided by La. C.C.P. art. 927(A)(5), the peremptory exception of no cause of action tests the legal sufficiency of the plaintiff's petition by determining whether the law affords a remedy on the facts alleged in the petition. Scheffler v. Adams and Reese, LLP , 2006-1774 (La. 2/22/07), 950 So.2d 641 ; Gipson v. Fortune , 45,021 (La. App. 2 Cir. 1/27/10), 30 So.3d 1076, writ denied , 2010-0432 (La. 4/30/10), 34 So.3d 298. A "cause of action," when used in the context of the peremptory exception of no cause of action, refers to the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. White v. St. Elizabeth B.C. Bd. of Directors , 45,213 (La. App. 2 Cir. 6/2/10), 37 So.3d 1139. The purpose of the exception of no cause of action is not to determine whether the plaintiff will prevail at trial, but is to ascertain if a cause of action exists. Bogues v. Louisiana Energy Consultants, Inc. , 46,434 (La. App. 2 Cir. 8/10/11), 71 So.3d 1128. The exception is triable on the face of the petition, and for the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. Fink v. Bryant , 2001-0987 (La. 11/28/01), 801 So.2d 346.
The burden of demonstrating that the petition states no cause of action is upon the mover. Wright v. Louisiana Power & Light , 2006-1181 (La. 3/9/07), 951 So.2d 1058 ; Scheffler, supra . All reasonable inferences are made in favor of the nonmoving party in determining whether the law affords any remedy to the plaintiff. Villareal v. 6494 Homes, LLC , 48,302 (La. App. 2 Cir. 8/7/13), 121 So.3d 1246. Generally, no evidence may be introduced to support or controvert the exception. However, a jurisprudentially recognized exception to this rule allows the court to consider evidence that is admitted without objection to enlarge the pleadings. Villareal, supra .
Generally, an exception of no cause of action must be overruled unless the allegations in the petition exclude every reasonable hypothesis other than the *623 premise on which the defense is based, i.e. , unless the plaintiff has no cause of action under any evidence admissible under the pleadings. Villareal, supra ; Steed v. St. Paul's United Methodist Church , 31,521 and 31,522 (La. App. 2 Cir. 2/24/99), 728 So.2d 931, writ denied , 1999-0877 (La. 5/7/99), 740 So.2d 1290.
An appellate court's review of a trial court's ruling sustaining an exception of no cause of action is de novo because the exception raises a question of law, and the trial court's decision is based only on the sufficiency of the petition. Fink, supra . The essential question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiff's favor, the petition states any valid cause of action for relief. Wright, supra.
DISCUSSION
In ruling upon an exception of no cause of action, we must accept the allegations of the petition as true and conduct a de novo review of the matter. After carefully reviewing the contents of Blanche's petition in the light most favorable to her, we conclude that it does not state a cause of action. In her petition, Blanche makes the sole allegation that she, a homeless female, was "turned away" from the homeless shelter by the director, Varner, and she was given no reason for the denial of services. Considering the allegations of Blanche's petition, which we accept as true for purposes of Varner's exception, Blanche does not establish that Varner was legally or contractually obligated to provide her with shelter at the facility where he was director. Whereas Blanche argues on appeal that she "was unprotected under the laws that allow protection to homeless people," Blanche does not cite what those laws are, and we cannot we find any legislation or jurisprudential authority which support a claim on her behalf. Additionally, Blanche does not claim she was illegally denied services as a member of a protected class of persons.
The DeSiard Street Homeless Shelter is a privately run, charitable nonprofit entity-it is not a public facility. Varner's facility was offering services as an altruistic service; neither Varner nor the shelter had a legal duty to provide services to Blanche, nor was Varner or the shelter contractually obligated to her. Furthermore, we recognize that Varner had a duty to protect the other occupants and employees of the shelter, and as director he would have to make decisions to so protect those individuals. Finally, Blanche's petition did not provide any facts indicating that Varner was acting outside of his capacity as the director; in fact, he was named a defendant as the "Shelter Director," so the allegations against him were in his representative capacity on behalf of the shelter and not him personally.
Blanche asserts in her appeal brief that she was not allowed to "present documents," presumably at the hearing on Varner's exception. Although evidence is generally inadmissible to controvert an exception of no cause of action, the trial court allowed Blanche to introduce the rules and regulations of the Salvation Army regarding its homeless facility. The trial court noted that the Salvation Army's rules and regulations were inapplicable to the DeSiard Street Homeless Shelter, and we agree. The evidence presented by Blanche is irrelevant and inapplicable to her asserted allegations and do not controvert the exception.
Therefore, we see absolutely no basis for relief for Blanche, considering the allegations she has made, and conclude that the law does not afford a remedy on the facts alleged in the petition. Even accepting the well-pleaded allegations in the petition as true, as we are bound to do in determining *624 the merits of Varner's exception, we find that the petition fails to state or disclose a cause of action for which relief may be granted to Blanche under Louisiana legislative or jurisprudential law.
CONCLUSION
For the reasons stated herein, we conclude that the trial court did not err in its judgment in favor of Billy Varner-Shelter Director, dismissing the claims of Sandra B. Blanche. All costs of this appeal are assessed to Blanche.
AFFIRMED.